healing. But on cross-examination, he stated a normal operation of the type under consideration required from three to six months of post-operative recovery. Yet the plaintiff herein resumed normal walking in three months. And she was a chronic and inveterate foot-sufferer and complainer, who admittedly had "bad feet" as long as she could remember, at least 30 or 40 years. If this be "malpractice", it eludes me.

(October 24, 1967)

■ MARGARET KIND et al., Respondents-Appellants, v. ROSE SEREBRENY CORP. et al., Appellants, and LE ROSE MANAGEMENT CORPORATION, Respondent, et al., Defendant

Concur — Botein, P. J., Stevens, Capozzoli and McGivern, JJ.

■ THOMAS CLEMENTE, Doing Business as HOMESTEAD STABLES OF MOUNT VERNON, Appellant, v. MERCURY FARMS, INC., et al., Respondents.

Concur — Botein, P. J., Stevens, Capozzoli, Tilzer and McGivern, JJ.

■ INVESTMENT FLOW ASSOCIATES, Respondent, v. ROYAL GLOBE INSURANCE COMPANIES, Also Known as ROYAL INDEMNITY COMPANY, Respondent-Appellant, and EASTERN FEDERAL SAVINGS AND LOAN ASSOCIATION OF SAYVILLE, Respondent. ROYAL INDEMNITY COMPANY, Third-Party Plaintiff-Respondent-Appellant, v. CHEMICAL BANK NEW YORK TRUST COMPANY, Third-Party Defendant-Appellant-Respondent.

Concur — Steuer, J. P., Capozzoli, Tilzer, Rabin and McGivern, JJ.