■ In the Matter of KEN BEYERS INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— The determination sought to be reviewed in this article 78 proceeding is unanimously confirmed, without costs or disbursements to either party. There is substantial evidence of improper concealment of material information which supports the determination. In our view, however, Kenneth Beyer, the president and sole stockholder of the licensee, is the unfortunate victim of circumstances resulting from a misplaced confidence in and reliance upon his chosen counsel and those with whom he dealt. The binder signed by the broker on June 9, 1966 and consented to by Kenneth Beyers indicates that the agreed price for the business was $22,000. The subsequent breakdown of this figure into a $9,000 purchase price and a disproportionate $13,000 " finder's fee " or broker's commission, followed by the acquisition of a chattel mortgage simultaneously assigned to Manus Trading Company, are facts which should have been revealed to respondent. The failure to do so deprived respondent of an opportunity to investigate to ascertain if any of its rules were being violated. Beyer relied upon his attorney's opinion that the $13,000 was a commission agreement, was not a part of the purchase price and therefore need not be reported to respondent. However, the transaction thereafter was fully listed in the books and records of petitioner and would be readily revealed upon any inspection. From the record before us Kenneth Beyer is the beneficiary of a substantial trust and may readily have at his disposal the funds necessary to pay off the obligation represented by the notes and secured by the mortgage. Aside from this mistake there is nothing in the record to indicate that he is other than a person of integrity and good reputation who could creditably conduct a business of this nature. Since there is here involved a cancellation rather than a revocation, there is no legal impediment to the immediate filing of a new application. It may well be that respondent, if satisfied that there is no unrevealed interest in the business, might approve such application, possibly conditioned upon immediate payment of the notes. Concur — Stevens, J. P., Steuer, Tilzer, McGivern and Rabin, JJ.

■ HAROLD TOOLEY, Respondent, v. HOWARD JOHNSON'S INCORPORATED et al., Appellants.— Order entered September 18, 1967, herein appealed from, unanimously reversed, on the law, the facts and in the exercise of discretion, with $30 costs and disbursements to appellants and the motion denied. The accident upon which the action for damages is based occurred in 1960. The case was noticed for trial in the Civil Court in 1964. Plaintiff allegedly discovered the claimed enlargement of injuries, the predicate for the motion to amend and to transfer, in May, 1966, but took no action for approxmately 12 months thereafter. No reasonable excuse is offered for the delay (Koi v. P. S. & M. Catering Corp., 15 A D 2d 775; Kind v. Serebreny Corp., 28 A D 2d 988; de los Reyes v. United States Lines Co., 28 A D 2d 991). Additionally, there is no affidavit of merits and there is insufficient to show a causal connection between the accident and the extensive injuries now asserted. Concur — Stevens, J. P., Eager, Steuer, Tilzer and McNally, JJ.