■ RAMON GALARZA, Respondent, v. ALCOA STEAMSHIP COMPANY, INC., Appellant.— Judgment entered upon a verdict of a jury unanimously reversed, on the law, on the facts, and in the interests of justice, the judgment vacated, and a new trial directed, with costs and disbursements to abide the event. On the appeal from the judgment for plaintiff in this action brought under the Jones Act (U. S. Code, tit. 46, § 688) to recover for injuries sustained by a seaman in March, 1963, the critical question is whether the pleadings and proof properly support a substantial award. The plaintiff claimed an injury to his back and alleged that his present condition was due to the accident sued for. The defendant contended that his condition was due to a prior accident and to a deteriorating process long antedating the 1963 accident and not affected by it. Faced with this controversy, the plaintiff sought and obtained on the trial an amended pleading based on the contention that the accident caused an exacerbation of a pre-existing condition. The difficulty with the theory embraced in the amendment is that it was originally contended for by no one and the testimony of the plaintiff's doctors did not support it. It is not supported by the evidence. Moreover, it was unwise exercise of discretion to grant the motion during the trial to increase the *ad damnum* clause. (See *Natale* v. *Pepsi-Cola Co.*, 7 A D 2d 282; 8 A D 2d 781.) Although the permission to increase the *ad damnum* clause lies within the sound discretion of the trial court, we have heretofore generally held that on such an application plaintiff must produce an affidavit "showing the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff." (*Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775.) In addition, the plaintiff should produce a physician's affidavit which demonstrates with some degree of specificity the nature of plaintiff's injuries, their prospective consequences, the resulting disabilities and the causal relationship between such disabilities and the original injury. (*Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878; *Tooley* v. *Howard Johnson's Inc.*, 29 A D 2d 930; *de los Reyes* v. *United States Lines Co.*, 28 A D 2d 991; *Kind* v. *Serebreny Corp.*, 28 A D 2d 988; *Jiminez* v. *Seickel & Sons*, 22 A D 643.) Further, the motion should not be granted where the plaintiff is chargeable with inordinate laches or where the amendment would unfairly prejudice the defendant. (*Koi* v. *P. S. & M. Catering Corp.*, *supra*.) Furthermore, as a matter of law, the verdict may not stand. In its charge, the court instructed the jury that an award of damages to plaintiff could be based on a finding that the 1963 accident directly caused his claimed back condition, or in the

alternative, on a finding that the accident aggravated a pre-existing back condition. Since the verdict of the jury was general as to damages, there is no way of determining on which of these separate and distinct theories the jury's award was based. (See *Hamilton* v. *Presbyterian Hosp. of City of N. Y.*, 25 A D 2d 431.) Therefore, inasmuch as the record does not support a finding of aggravation, the verdict may not stand. Finally, the interests of justice require a new trial on the issue of damages. We suggest that this might well be a case for the utilization of the impartial medical panel (see *Grimaldi* v. *Beagan,* 24 A D 2d 441) and the trial court should direct an appropriate reference in the event that the parties, or either of them, fail to apply for the same. Concur — Eager, J. P., Markewich, McNally and Steuer, JJ.