■ ARNOLD A. STEVENS et al., Appellants, v AMERICAN SAVINGS & LOAN ASSOCIATION, Respondent.—Two orders, Supreme Court, New York County, each entered April 16, 1975, the first granting defendant-respondent's motion for summary judgment and the second denying plaintiffs-appellants' motion, unanimously affirmed. Respondent shall recover of appellants one bill of $60 costs and disbursements of these appeals. The action is for damage for alleged breach of contract in refusal to grant a mortgage at an agreed rate after postponement of a scheduled closing, the damage claimed having been the difference between that rate and the higher rate charged for a mortgage procured later after the commitment and an extension thereof had expired. Two dates are significant: an earlier date of projected closing of title, at which defendant did not appear, and a later one at which plaintiffs could not close because of unavailability of a marketable title, a receiver in sequestration being in possession of the property. It appears, however, that plaintiffs had been in no more favorable position in respect of availability of marketable title on the earlier date, and plaintiffs would not have been in a position to accept the mortgage on either date. Defendant's earlier failure to appear and grant the mortgage could not in these circumstances be deemed a breach in view of plaintiffs' inability to accept the commitment during its extended period of viability. Concur—Stevens, P. J., Markewich, Tilzer, Lane and Nunez, JJ.

■ LEO BARNWELL, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent.—Order, Supreme Court, Bronx County, entered May 21, 1975, denying plaintiff's motion for an order removing the action from Civil Court, Bronx County, to the Supreme Court, Bronx County, and for leave to serve an amended complaint with an increased *ad damnum* clause, unanimously reversed, on the law and the facts and in the interest of justice, and the motion granted, without costs and without disbursements. Plaintiff was injured in 1973 and the action commenced in November of that year in the Civil Court, Bronx County. On February 13, 1975, the Workmen's Compensation Board found a permanent percentage loss in the use of plaintiff's hand and issued a decision on February 19 confirming its finding. One week later, the instant motion was made. There was a rational basis for the delay in making the motion, and it was supported by a physician's affidavit. The defendant is not unfairly prejudiced, and the explanation for delay is satisfactory. *(Galarza v Alcoa S.S. Co.,* 34 AD2d 907.) Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lynch, JJ.