■ HAROLD HENDRICKSON, Respondent, v MASTER WATER PROOFERS, INC., Appellant.—Judgment, Supreme Court, New York County, entered March 21, 1975, unanimously reversed, on the law and on the facts, and a new trial granted solely on the issue of damages, with $60 costs and disbursements of this appeal to abide the event, unless the plaintiff-respondent within 20 days of service upon him by the defendant-appellant of a copy of the order entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $90,000 and to the entry of an amended judgment in accordance therewith. If the plaintiff-respondent consents to the reduction, the judgment as so amended and reduced is affirmed, without costs or disbursements. The amount awarded by the jury was excessive and a judgment exceeding the amount indicated is not warranted on this record. Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.

■ JEAN A. RESZENSKI, Respondent, v FAIRFAX ARMS CORPORATION et al., Appellants.—Order, Supreme Court, New York County, entered October 9, 1975, which, *inter alia,* granted the motion to increase the *ad damnum* clauses from $750,000 to $2,000,000, unanimously reversed insofar as appealed from, on the law and the facts and in the exercise of discretion, and the *ad damnum* clauses restored to $750,000, without costs or disbursements. The *ad damnum* clauses had just been increased on motion of the plaintiff in December, 1974 to $750,000. On February 28, 1975 plaintiff committed suicide. The present application for a further increase to $2,000,-000 does not contain the requisite factual showing to warrant an additional drastic increase in damages *(Galarza v Alcoa S. S. Co.,* 34 AD2d 907). Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.