■ ZDENKO KOLANOVIC, Respondent, v ASTRO CRECIDO CIA. NAV. S. A. et al., Defendants and Third-Party Plaintiffs-Appellants. MAHER STEVEDORING Co., INC., Third-Party Defendant-Appellant.—Orders, Supreme Court, New York County, entered April 15, 1977, both of which respectively denied defendants' and third-party plaintiffs' and third-party defendant's motions for an order of preclusion and vacatur of plaintiff's supplemental bill of particulars, unanimously modified, on the law, to the extent of reversing so

much of said orders as denied vacatur of plaintiff's supplemental bill of particulars; plaintiff's supplemental bill of particulars vacated, and, as so modified, affirmed, without costs and disbursements, and without prejudice to plaintiff's seeking leave at Special Term to serve a supplemental bill of particulars, if so advised, within 20 days after entry of order hereon. In December, 1970, plaintiff, a longshoreman, suffered personal injuries while engaged in the loading of the *S. S. Orient Explorer.* In June, 1971, this action was commenced against the defendants, who in July, 1971 initiated the third-party action against the third-party defendant. In November, 1972, plaintiff served a bill of particulars alleging only orthopedic injuries. In February, 1977, plaintiff served the third-party defendant with a note of issue, statement of readiness and a supplemental bill of particulars. The third-party defendant then served copies of the plaintiff's statement of readiness and supplemental bill of particulars on the defendants and third-party plaintiffs. The supplemental bill of particulars alleges that the 1970 injuries caused plaintiff to suffer a traumatic neurosis characterized by, *inter alia,* dizzy spells and a personality change. Both the third-party defendant and the defendants and third-party plaintiffs then moved to vacate the supplemental bill of particulars and to preclude plaintiff from offering any evidence on the trial of this action with respect to the particulars alleged in the supplemental bill. In order to serve a supplemental bill of particulars alleging further injuries, it was incumbent upon plaintiff to obtain leave of court upon a proper showing of the need for such relief. The papers on such motion must contain an affidavit showing the merits of the action and reasons for the delay and a medical affidavit demonstrating the causal connection between the resulting disabilities and the original injuries (see *Koi v P. S. & M. Catering Corp.,* 15 AD2d 775; *Galarza v Alcoa S. S. Co.,* 34 AD2d 907; *Tooley v Howard Johnson's Inc.,* 29 AD2d 930; *Kind v Rose Serebreny Corp.,* 28 AD2d 988). On this record, plaintiff has not made the requisite showing to justify the service of a supplemental bill of particulars. However, sufficient has been demonstrated to warrant affording to plaintiff the opportunity to make the proper showing to justify such service. In view of the aforesaid, it is premature for the third-party defendant and the defendants and third-party plaintiffs to seek to preclude plaintiff from offering any evidence with respect to the particulars alleged in the supplemental bill of particulars and the denial of that part of their respective motions seeking preclusion is justified on this ground. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.