■ A. G. SALES COMPANY, INC., Appellant, v. BERNARD BERGER et al., Defendants, and SUPERIOR BALL SALES CORPORATION et al., Respondents.— In an action to recover damages caused by an alleged conspiracy, the plaintiff appeals (as limited by its brief) from so much of an order of the Supreme Court, Queens County, entered April 13, 1959, as granted the motion of the two defendant corporations, both of which are foreign corporations, to set aside the service of the summons and complaint attempted to be made upon them by personally serving the individual defendant Berger as their local managing agent within the contemplation of subdivision 3 of section 229 of the Civil Practice Act. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ JOSEPH BELL, Respondent, v. SUPER FUEL CORP. et al., Appellants.— In an action to recover damages for injuries to person and property, the defendants appeal from an order of the Supreme Court, Queens County, entered February 10, 1960, granting plaintiff's motion for summary judgment and directing that the case be placed on the calendar for an assessment of damages. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, the papers present triable issues which may not be resolved on a motion for summary judgment. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ SALVATORE CALAUTTI, Appellant, v. NATIONAL TRANSPORTATION CO., INC., et al., Respondents.— In an action to recover damages for injuries to person and property, the plaintiff appeals from an order of the Supreme Court, Westchester County, entered September 9, 1959, denying his motion to amend the complaint so as to allege the total and permanent loss of his earning capacity, and to increase the demand for damages from $50,000 to $1,000,000. The action was commenced in 1951. A bill of particulars served in 1955, alleged loss of earnings of $200,000. Order reversed, with $10 costs and disbursements, and motion granted. The plaintiff shall serve and file a copy of the amended complaint within 10 days after the entry of the order hereon. In this record defendants do not dispute plaintiff's claim that, subsequent to the service of the original complaint, he ascertained that he was totally and permanently disabled and could never again be gainfully employed. There is no proof of actual prejudice to defendants. Under these circumstances, the motion should have been granted (*Nagle* v. *Bryn Mawr Ridge, Inc.*, 7 A D 2d 1007). The mere lapse of time is not a sufficient ground for denial (*Nathanson* v. *Lutheran Hosp. Assn.*, 3 Misc 2d 540). If so advised, after service of the amended complaint, defendants may move for further physical examination of the plaintiff. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.