■ MERWIN G. LANE, Appellant, v. TOWN OF BROOKHAVEN, Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered December 6, 1963 after a jury trial, which dismissed the complaint on the merits at the end of the plaintiff's proof, for failure to establish a prima facie case of negligence against the defendant. Judgment affirmed, without costs. Plaintiff, a garbage collector, was injured at defendant's garbage dump when a can flew through the air and struck him, resulting in the loss of an eye. Our examination of the record discloses no credible proof as to whether the can came from above the ground or from the garbage pit. Under the circumstances, the trial court was justified in dismissing the complaint at the end of plaintiff's case. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ DAVID MERMELSTEIN, Appellant, v. FRED LEE et al., Respondents.— In a negligence action to recover damages for personal injury, arising from the collision of two motor vehicles, plaintiff appeals from an order of the Supreme Court, Queens County, entered December 10, 1964, which denied plaintiff's renewed motion to serve an amended bill of particulars so as to include additional claimed injuries and so as to increase the amount of the demand for damages. The original motion for such relief had been denied "without prejudice." Order reversed, with $10 costs and disbursements, and plaintiff's renewed motion to amend his complaint and bill of particulars granted. The proposed amended bill of particulars contained in the record on appeal will be deemed plaintiff's amended bill; and the complaint will be deemed amended so as to increase from $35,000 to $75,000 the amount of the damages claimed to have been sustained by the plaintiff, with leave to the defendants, if so advised, to move for a physical examination of the plaintiff within 30 days after entry of the order hereon. Plaintiff originally claimed "injury to the cervical intervertebral disc" and "pain down and through the arm to the extreme fingers and paresthesias in the left arm"; he sued to recover $35,000 in damages. In March, 1963 he was hospitalized for two weeks; the diagnosis was, in addition to the injury originally claimed, herniation of the disc and periarthritis of the left shoulder. These additional injuries are alleged to be causally related to the accident. Treatment by an orthopedist for such injuries ensued; the last treatment took place a short time before plaintiff sought to amend his bill of particulars and complaint to reflect the additional injuries and medical expenses. Since the defendants failed to show that they would be prejudiced by the delay, we are of the opinion that the motion should have been granted (*Calautti* v. *National Transp. Co.*, 10 A D 2d 955). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.