■ In the Matter of the Claim of BELLA LEBOVIC, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant from benefits upon determining, on evidence which we find substantial, that she had rendered herself unavailable for employment (Labor Law, § 591, subd. 2) by (1) limiting her search for work to that of a "home companion" (as distinguished from a "home attendant"), calling for more skills than claimant possessed, and for which work there was no great demand, and (2) refusing to return to the factory work at which she was experienced. Thus, respondent correctly argues, claimant rendered herself unavailable for employment in areas in which she was likely to obtain work, and available only in one limited area, in which she was unlikely to obtain work. The board's factual determination was warranted. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*

■ ADALEDA BIRD, an Infant, by Her Guardian ad Litem, LE ROY BIRD, et al., Respondents, v. BOARD OF EDUCATION OF NORTH COLONIE CENTRAL SCHOOLS, et al., Defendants, and FRED MEDART PRODUCTS, INC., Appellant.— STALEY, JR., J. Appeal by the defendant Fred Medart Products, Inc., from an order of the Supreme Court at Special Term, entered March 29, 1967 in Albany County, which granted a motion by the plaintiff Adaleda Bird to increase the *ad damnum* clause of her complaint from $25,000 to $100,000. CPLR 3025 (subd. [b]) concerning amendment of pleadings, provides that "Leave shall be freely given upon such terms as may be just including the granting of costs and continuances." "It is now well established that permission to increase the *ad damnum* clause in an action for damages for personal injuries lies within the sound discretion of the court." (*Soulier* v. *Harrison,* 21 A D 2d 725.) "Defendant's charge of mere delay, without resultant prejudice, presents no valid reason for depriving plaintiff of an opportunity to seek a full redress for the wrong inflicted, if so it be found." (*Rosa* v. *Walter Co.,* 42 Misc 2d 378, 380.) The medical affidavit submitted in support of the motion sufficiently demonstrates the nature of the plaintiff's injuries, their prospective consequences, and their causal relationship to the accident. There is no claim of increased injuries, and the plaintiff is merely seeking to correct an undervaluation of such injuries. The moving affidavits were sufficient for Special Term to determine the question of the inadequacy of the original demand. We see no reason to disturb the determination of Special Term. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr., J.