■ MARGARET TAGGART, as Administratrix of the Estate of MICHAEL TAGGART, Deceased, Respondent, v UNITED STATES LINES, INC., Defendant and Third-Party Plaintiff-Appellant. T. HOGAN & SONS, INC., Third-Party Defendant-Appellant.—Order, Supreme Court, New York County, entered January 6, 1976, granting plaintiff's motion to reargue her previous motion and upon reconsideration, granting her application to increase the *ad damnum* clause of the original complaint from $100,000 to $500,000 is unanimously modified, on the law and the facts, to the extent of denying plaintiff's application as it relates to the first and second causes of action of the second complaint and as thus modified, affirmed, without costs and disbursements. Michael Taggart was injured on March 11, 1967 while working as a longshoreman employed by third-party defendant T. Hogan & Sons, Inc., on board a vessel owned by defendant and third-party plaintiff United States Lines, Inc. The original complaint served in September, 1970, alleged two causes of action (negligence of the defendant and unseaworthiness of its vessel), each seeking $100,000 in damages. The defendant impleaded the third-party defendant, claiming breach of a warranty of workmanlike service. It appears that Taggart's hearing might have been impaired as a consequence of the accident. In July, 1971, he was killed during a robbery under circumstances indicative that his slaying proceeded from his failure to respond to the robber's oral commands. His wife, as administratrix, was substituted as plaintiff. Thereafter, a second complaint verified July 2, 1973 was served by decedent's administratrix which added a third and fourth cause of action for wrongful death. Damages in the amount of $250,000 were claimed in each of the four causes of action. Subsequently, by notice of motion dated July 25, 1975, plaintiff moved to increase the *ad damnum* from $100,000 to $500,000, inadvertently failing to consider that the second complaint already claimed $250,000 for each cause. On reargument, plaintiff alerted Special Term to this mistake. Study of the record impels the conclusion that an increase from $250,000 on the first two causes of action is not justified. Plaintiff's bill of particulars, dated February 5, 1974, sets forth special damages of which amount the sum of approximately $215,000 clearly relates to the wrongful death causes. While decedent was killed in July, 1971, it is averred that not until the latter part of 1973, did plaintiff's counsel determine from relevant information that decedent apparently failed to respond to a command because he did not hear same. The

delay in moving to amend the *ad damnum* as it relates to the third and fourth causes was not inordinate and the defendants are not prejudiced thereby (see *Koupash v Grand Union Co.,* 34 AD2d 695; *Bird v Board of Educ.,* 29 AD2d 812; *Mermelstein v Lee,* 23 AD2d 689). Concur—Markewich, J. P., Kupferman, Lupiano, Birns and Lane, JJ.