■ DONALD R. GUMAER, JR., Respondent, v ERICA D. GUMAER, Appellant. (And Another Action.)—In actions, *inter alia,* to declare an infant to be the legitimate issue of the parties, the appeals, as limited by appellant's brief, are from so much of two judgments of the Supreme Court, Dutchess County, dated June 1, 1976 and June 15, 1976, respectively, as, after a nonjury trial, upon declaring the infant to be the legitimate issue of the parties, awarded custody to the respondent father. Judgments affirmed insofar as appealed from, without costs or disbursements. There is ample evidence to support the trial court's decision to award custody of the young boy to the father. Latham, J. P., Damiani, Cohalan and Hawkins, JJ., *concur.*

■ LINDEN COUNTRY CLUB, INC., Appellant, v RALPH F. CLEMENTS, JR., et al., Respondents.—Judgment of the Supreme Court, Queens County, dated June 30, 1977, affirmed, with costs, and without prejudice to renewal of the allegations raised herein in the pending plenary action entitled *Linden Country Club v Scheiderman.* No opinion. Latham, J. P., Damiani, Cohalan and Hawkins, JJ., concur.

■ KLAUS POSSELT et al., Plaintiffs, v MARIO T. ROSA et al., Defendants. (Action No. 1.) MICHAEL QUAGLIANO, Respondent, v MARIO T. ROSA et al., Appellants. (Action No. 2.) (And Another Action.)—In Action No. 2, a negligence action to recover damages for personal injuries, the defendants therein appeal from an order of the Supreme Court, Queens County, entered October 7, 1976, which granted the motion of the plaintiff therein for leave to amend the *ad damnum* clause of his complaint. Order reversed, without costs or disbursements, and motion denied, without prejudice to a renewal thereof upon a proper showing by (1) doctor's affidavit of a causal connection between the allegedly increased injury and the accident sued upon and (2) an affidavit by plaintiff as to the merits of the case and the delay in the making of the motion. It was an improper exercise of discretion to allow plaintiff to amend the *ad damnum* clause upon the papers submitted in support of the motion (see *London v Moore,* 32 AD2d 543; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.22). Suozzi, J. P., Rabin, Shapiro and O'Connor, JJ., concur.