■ EDWARD GRAYSON et al., Petitioners, v JOSEPH J. CHRISTIAN, Individually and as Chairman of the New York City Housing Authority, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority (authority), dated February 16, 1977, which, after a hearing, terminated the petitioners' tenancy on the grounds of violation of probation and failure to pay rent when due. Proceeding remanded to Special Term for a hearing and determination in accordance herewith, without costs or disbursements. The petition alleges that the authority's determination to terminate petitioners' tenancy was in retaliation for petitioner Gloria Grayson's activities in the tenants' association and her public criticism of the management. Such conduct on the part of the authority, if proved, may violate petitioners' First Amendment rights of free speech and free association and their statutory right to participate in a tenants' group (see Real Property Law, § 230). Petitioners may establish a

claim to reinstatement if the determination to terminate their tenancy·was made by reason of their exercise of constitutionally and statutorily protected First Amendment freedoms (cf. *Mount Healthy City School Dist. Bd. of Educ. v Doyle,* 429 US 274). It appears from the minutes of the second administrative hearing, held on January 20, 1977, and at which the petitioners appeared *pro se (see Escalera v New York City Housing Auth.,* 425 F2d 853, cert den 400 US 853), that they may not have been afforded a full opportunity to present these claims to the hearing officer. Petitioners are therefore entitled to a hearing at Special Term at which the burden will be on them to show that their conduct was constitutionally protected and that this conduct was a motivating factor in the authority's determination to terminate their tenancy. Should petitioners carry that burden, the Special Term shall then determine whether the authority has shown by a preponderance of the evidence that it would have reached the same determination as to petitioners' tenancy even in the absence of the protected conduct (cf. *Mount Healthy City School Dist. Bd. of Educ. v Doyle, supra,* p 287). Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.