■ DAVID WAGNER, an Infant, by His Father and Natural Guardian,

SEYMOUR WAGNER, et al., Appellants, v HUNTINGTON HOSPITAL et al., Respondents. (Action No. 1.) DAVID WAGNER, an Infant, by His Father and Natural Guardian, SEYMOUR WAGNER, et al., Appellants, v RALPH ALFENITO et al., Respondents, et al., Defendant. (Action No. 2.)—In consolidated medical malpractice actions, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated April 21, 1978, as denied the branch of their motion which sought to increase the *ad damnum* clause of the complaints in each action. Order modified by deleting therefrom the provision which denied, in its entirety, the said branch of the motion and substituting therefor a provision granting the said branch of the motion to the extent of increasing the amounts in the *ad damnum* clause in Action No. 1 to $3,000,000 on the first cause of action (for personal injuries) and $1,000,000 on the second cause of action (for loss of services). As so modified, order affirmed insofar as appealed from, without costs or disbursements. Special Term denied plaintiffs any increase in the *ad damnum* clauses because no new or aggravated injuries were asserted and because of a lapse of nearly five years from service of the complaint in the first lawsuit. Contrary to the conclusion of Special Term, plaintiffs were not required to allege recently discovered, new or aggravated injuries (see *Gold v Huntington Town House,* 64 AD2d 887). A re-evaluation of the damages was sufficient (see *Koupash v Grand Union Co.,* 34 AD2d 695). There is no proof of actual prejudice to defendants resulting from the delay and, therefore, plaintiffs' demand for an increase in the *ad damnum* clause is not barred by laches (see *Calautti v National Transp. Co.,* 10 AD2d 955). In the instant case, plaintiffs re-evaluated the special damages for the personal injuries at upwards of $1,500,000. Further, the record supports the conclusion that only after service of the original complaint did the permanency of the infant plaintiff's profound injuries become apparent (see *Calautti v National Transp. Co., supra).* We note that the *ad damnum* clause of the complaint in Action No. 2, which was served nearly three years after the complaint in Action No. 1, demands $3,000,000 on the personal injury claim and $1,000,-000 on the loss of services claim. However, plaintiffs' request to increase the *ad damnum* clauses for the loss of services claim to $2,000,000 is not supported by any computation of actual damages (cf. CPLR 3017, subd [c]), as added by L 1976, ch 955, § 10, eff Aug. 26, 1976). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.