■ MAE FEIDEN et al., Respondents, v PHILIP HOWARD APARTMENTS, INC., Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County, dated June 27, 1978, which granted plaintiffs' motion for leave to amend the *ad damnum* clause of the complaint by increasing the demand on the personal injury claim. Order affirmed, with $50 costs and disbursements. Special Term properly exercised its discretion by granting leave to amend the *ad damnum* clause (see *Posselt v Rosa,* 60 AD2d 854; *London v Moore,* 32 AD2d 543). A doctor's affidavit stated that the last surgery performed on the female plaintiff had been directly related to her injury in the subject accident. Plaintiffs also submitted an affidavit of merits. The history of medical treatment given to the female plaintiff indicates that it was fairly continuous. Furthermore, the delay between the date of the last surgery and the date of the filing of the motion to amend was not excessive. Hopkins, J. P., Rabin, Gulotta and O'Connor, JJ., concur.

■ DEBORAH FELDMAN, Formerly DEBORAH O'BRIEN, et al., Appellants, v BENITO B. RISH et al., Respondents.—Order of the Supreme Court, Suffolk County, entered December 2, 1977, affirmed, with one bill of $50 costs and disbursements payable jointly to respondents (see *Merced v New York City Health & Hosps. Corp.,* 44 NY2d 398). Damiani, J. P., Rabin, Gulotta and O'Connor, JJ., concur.

■ IRVING GOLDSTEIN et al., Respondents, v STEVEN M. ORBON et al., Constituting the Board of Zoning Appeals of the Incorporated Village of New Hyde Park, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellants, dated November 17, 1977, made after a hearing, which denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County, dated April 25, 1978, which annulled the determination and directed the issuance of the variance. Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. There was substantial evidence on the record to support the zoning board's finding that practical difficulties had not been demonstrated and that there were viable alternatives open to the petitioners not requiring the granting of a variance (see, generally, *Matter of Wachsberger v Michalis,* 19 Misc 2d 909). Accordingly, the board's determination should not have been annulled. (See *Matter of Cowan v Kern,* 41 NY2d 591, 598.) Martuscello, J. P., Rabin, Gulotta and Hawkins, JJ., concur.