■ YETTA DAVIS et al., Respondents, v THEODORE BROWN, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Queens County, dated July 25,

---

* She subsequently began work as a psychiatric social worker at an annual salary of $16,900.

1978, which granted plaintiffs' motion (1) to remove the action from the Civil Court of the City of New York, Queens County, to the Supreme Court, Queens County, and (2) for leave to serve and file an amended complaint and amended bill of particulars. Order reversed, on the law, without costs or disbursements and plaintiffs' motion denied. This action was originally commenced in 1969 in the Civil Court of the City of New York, Queens County, and was noticed for trial on July 21, 1971. On or about January 28, 1972, the case was marked off the calendar at plaintiffs' request for further investigation as to the injured plaintiff's condition. The record on appeal contains no indication of further legal activity in the Civil Court; the instant application, dated June 29, 1978, was made in the Supreme Court. It is therefore apparent that, pursuant to the rules of the Civil Court of the City of New York, this action has been deemed abandoned and has been automatically dismissed (see 22 NYCRR 2900.17). The record contains no indication that plaintiffs have been relieved from the dismissal. Such relief must come from the Civil Court (cf. CPLR 5015) and cannot be collaterally obtained by seeking an order of removal from the Supreme Court. A Supreme Court Justice, sitting at Special Term, has no authority to unilaterally remove and thereby revitalize an action which was dismissed in the Civil Court. Absent the fatal procedural defect, we would still reverse. The inordinate delay between January, 1972 and the instant motion of June, 1978 has not been properly excused. This is especially true of the 33-month hiatus between the injured plaintiff's last reported medical treatment and this application. This delay has gone completely unexplained. It is also uncontradicted that the proposed amendment to the *ad damnum* clause is for an amount far in excess of the defendant's insurance policy. The risk of personal exposure is accentuated because defendant's insurer (Shamrock Insurance Company) is currently in liquidation. In view of the potential prejudice and the inexcusable delay, the plaintiffs' motion should have been denied because of gross laches (see *De Fabio v Nadler Rental Serv.,* 27 AD2d 931). Finally, the motion papers are insufficient because they do not include a physician's affidavit (see *Colonel v Targee Contr. Co.,* 65 Ad2d 720; *White v Jewish Hosp. & Med. Center of Brooklyn,* 60 AD2d 627). Lazer, J. P., Rabin, Shapiro and Margett, JJ., concur.