■ FRANK CARDILE et al., Appellants, v JOSEPH D'AMBROSIA et al., Defendants and Third-Party Plaintiffs-Respondents. M. E. C. TRANSMISSION, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., plaintiffs appeal from (1) a judgment of the Supreme Court, Kings County, entered June 21, 1978, which, inter alia, is in favor of the defendants, upon a jury verdict, and (2) an order of the same court, entered April 14, 1978, which denied their motion, inter alia, to set aside the verdict and for a directed verdict in their favor. Judgment modified and order reversed, on the law, motion granted to the extent that the verdict in favor of defendants and against plaintiffs is set aside and a verdict is directed in favor of plaintiffs and against the defendants; the first and third decretal paragraphs are deleted from the judgment, and plaintiffs are granted an interlocutory judgment in their favor as against the defendants on the issue of liability. As so modified, judgment affirmed and the case is remitted to Trial Term for an assessment of damages. One bill of costs are awarded to plaintiffs and respondent M. E. C. Transmission, Inc., payable by defendants. Plaintiff Frank Cardile was injured when he fell from a ladder while performing electrical work, as an independent contractor, for defendant Joseph D'Ambrosia, on premises owned by defendant Dean Realty Corp. Cardile, together with his wife who claims loss of consortium, commenced the instant action to recover for injuries sustained in the accident. The jury returned a verdict in favor of the defendants' finding, in answers to interrogatories, that the ladder, which had been supplied by D'Ambrosia, was in no way defective, and that the accident resulted "solely because of the manner in which the work was being done." Under section 240 of the Labor Law, judgment should have been directed in favor of the plaintiffs. While the jury did not credit Frank Cardile's testimony that the ladder itself was flawed, it clearly was of the belief that the ladder was not "placed and operated as to give proper protection" to the worker. Accordingly, defendant Dean Realty Corp., the owner of the property in question, and defendant D'Ambrosia, who acted as its agent (see Labor Law, § 315), are liable for the injuries which resulted from the accident (see Haimes v New York Tel. Co., 46 NY2d 132). The second third-party complaint was properly dismissed, since the jury verdict exonerated the second third-party defendant, the purported owner of the ladder. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ DANIEL F. CARDONE, an Infant, by His Parent and Natural Guardian, DANIEL M. CARDONE, et al., Appellants, v UNIVERSITY HOSPITAL et al., Respondents.—Order of the Supreme Court, Nassau County, dated March 2, 1979, affirmed, without costs or disbursements (see La Liberty v Cosmai, 71 AD2d 940; Davis v Brown, 70 AD2d 873). Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.