■ EDWIN HILLENBRAND et al., Appellants, v 3801 REVIEW PLACE, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. PATRICK J. LA VELLE, Doing Business as GOLDEN SHAMROCK, Respondent, and RHEINGOLD BREWERIES, INC., et al., Third-Party Defendants-Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, entered December 6, 1978, which denied their motion to increase the *ad damnum* clause of the complaint. Order reversed, with one bill of $50 costs and disbursements payable jointly by respondents and motion granted. Since plaintiffs' motion to amend is based solely upon an update of original injuries, compliance with the affidavit requirement of *London v Moore* (32 AD2d 543) was unnecessary (see *Church v Catholic Med. Center of Brooklyn & Queens,* 52 AD2d 898, 899). Hence, it was an abuse of discretion for Special Term to deny the motion on the ground that the affidavit by plaintiffs' physician failed to establish a causal link between the alleged injury and the accident. Additionally the delay in making the instant motion is not per se an acceptable ground for the denial, in view of the fact that respondents have failed to demonstrate how they would suffer actual prejudice at trial (see *Calautti v National Transp. Co.,* 10 AD2d 955; see, also, *Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001). Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.