■ HARRIET FORTGANG, Appellant, v DONALD FORTGANG, Respondent.— Appeal from an order of the Supreme Court, Nassau County, dated April 27, 1979, dismissed. Said order was superseded by an order of the same court, entered June 5, 1979 upon reargument. Order entered June 5, 1979, affirmed. No opinion. The respondent is awarded one bill of $50 costs and disbursements to cover both appeals. Hopkins, J. P., Damiani, O'Connor, Lazer and Mangano, JJ., concur.

■ NORMA HAMPTON, Respondent, v ALAN M. LEFKOWITZ et al., Appellants.—In a medical malpractice action, defendants appeal from an order of the Supreme Court, Kings County, dated May 15, 1979, which granted plaintiff's motion for leave to increase the *ad damnum* clause of her complaint. Order affirmed, with $50 costs and disbursements. The issue on this appeal is the propriety of Trial Term's grant of leave to plaintiff to increase her *ad damnum* clause from $250,000 to $1,000,000. Although defendants argue that the plaintiff has not demonstrated new injuries or a meritorious excuse for the delay in moving to amend, Trial Term's exercise of discretion should not be disturbed. In *Wagner v Huntington Hosp.* (65 AD2d 771, 772), we stated that the: "plaintiffs were not required to allege recently discovered, new or aggravated injuries * * * A re-evaluation of the damages was sufficient (see *Koupash v Grand Union Co.,* 34 AD2d 695). There is no proof of actual prejudice to defendants resulting from the delay and, therefore, plaintiffs' demand for an increase in the *ad damnum* clause is not barred by laches (see *Calautti v National Transp. Co.,* 10 AD2d 955)." Accordingly, we affirm. Hopkins, J. P., Damiani, O'Connor, Lazer and Mangano, JJ., concur.