OPINION OF THE COURT
Arthur D. Spatt, J.
Ordered that this motion by plaintiff for an order to amend the ad damnum clause from $36,000 to $150,000 is determined as set forth below.
The application is based upon further injuries and aggravations of injuries to plaintiff which were related to the original accident on October 1, 1969. A further basis is the effect of inflation upon the original claim for damages.
The plaintiff’s application is bolstered by an affidavit of Richard S. Goodman, an orthopedist, who causally relates the present condition to the original injury of October 1, 1969, and *32 who states unequivocally that "His condition requires surgery”.
Defendants oppose this application on the ground of the age of the action — a 1969 accident bearing a 1973 index number— and loches on the part of plaintiff. Defendants further contend that they would be personally prejudiced by this application because their insurance coverage is $50,000/$100,000, and plaintiff is moving to increase the ad damnum to $150,000, a sum in excess of their coverage.
There is ample recent authority for the granting of this application based upon a good faith re-evaluation of damages and supported by medical proof. (See Robbins v Sperlazza, 72 AD2d 558; Wagner v Huntington Hosp., 65 AD2d 771.)
The mere lapse of time is not a sufficient ground for denial of this motion in the absence of actual prejudice to defendants. (Finn v Crystal Beach Tr. Co., 55 AD2d 1001; Calautti v National Transp. Co., 10 AD2d 955.) The rule was recently enunciated in Hillenbrand v 3801 Review Place (72 AD2d 554) as follows: "Additionally the delay in making the instant motion is not per se an acceptable ground for the denial, in view of the fact that respondents have failed to demonstrate how they would suffer actual prejudice at trial”.
The key question here is whether defendants’ $50,000 insurance policy, which is less than the amount in the proposed ad damnum clause, presents that type of "prejudice” so as to warrant denial of this motion. This court finds no such prejudice. If the original ad damnum clause was for the sum of $150,000, would the defendants’ counsel prepare or try the case any differently? Would not the same witnesses, technique and effort go into the preparation and trial of this case? The defendants’ counsel has failed to set forth in what way counsel or defendants would be prejudiced by the granting of this motion, except that possibly the defendants personally would be liable for an excess judgment. It is not the granting of this motion which will prejudice the defendants, it is the fact that the injuries to plaintiff are far more severe than originally anticipated; that such injuries and residuals do require surgery; and defendants may be underinsured.
Another important principle involved in the law of ad damnum amendment is a determination as to whether the injuries sustained could result in a verdict in excess of the amount set forth in the original complaint. In Moore v Wilson *33 (51 AD2d 973), the rule was stated as follows: "Special Term improvidently exercised its discretion in denying that branch of the motion which was to increase the ad damnum clause, since the injuries sustained could result in a verdict in excess of that prayed for in the original complaint. To avoid the possibility of this potential error, under the circumstances herein, the increase in the ad damnum clause should be allowed (see Koupash v Grand Union Co., 34 AD2d 695).”
More recently in Fling v McGregor, Swire Air Servs. (67 AD2d 901, 902), this department reiterated the same rule in the following language: "Special Term improvidently exercised its discretion in denying plaintiffs’ motion to increase their ad damnum clause. The injuries sustained could conceivably result in a verdict in excess of that demanded in the original complaint (cf. Calautti v National Transp. Co., 10 AD2d 955).” (Emphasis supplied.)
In this court’s view, the injuries sustained in this case could result in a verdict in excess of that prayed for in the original complaint and, also possibly in excess of defendants’ insurance limits. Therefore, to permit plaintiff to argue for and recover an award in excess of those limits would not — in the legal sense — be "prejudicial” to the defendants. Compare Osborne v Miller (38 AD2d 298, 300) wherein it was held: "This relief was prejudicial to the defendant since it permitted plaintiff to argue for and recover an award far in excess of what the proof warrants.”
Accordingly, plaintiff’s motion is granted upon the following conditions:
1. The plaintiff is to be produced for a physical examination by a doctor of the defendants’ choosing on or before February 15, 1980.
2. The plaintiff is to appear for an examination before trial as to all of the injuries and damages from the date of the accident to the present date — excluding liability — on February 19, 1980, at 9:30 a.m. at Supreme Court, Suffolk County, Griffing Avenue, Riverhead, New York. This examination shall not be adjourned without the express order of this court.
3. The Justice presiding in Trial Term, Part I, is requested to adjourn this trial to February 25, 1980, and both parties are directed to be ready to proceed to trial on that date.