In the Matter of 9 PINE STREET, INC., Appellant, v STATE LIQUOR AUTHORITY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State Liquor Authority, dated July 9, 1979 and made after a hearing, which revoked the petitioner's liquor license, forfeited his $1,000 bond and imposed a two-year ban on the relicensing of the petitioner and its principal, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated November 2, 1979, which denied the petition and dismissed the proceeding. Judgment affirmed, with costs. There was substantial evidence to support the authority's determination and the penalty was not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). The revocation proceeding was not untimely. The clear intent of the stipulation filed by the petitioner on March 23, 1979 was that, as a condition of receiving a renewal pro tem of its license, despite its late application therefor, it waived what would otherwise be its rights under the limitation provisions of section 118 of the Alcoholic Beverage Control Law. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.

In the Matter of JOHN V. O'REILLY, Petitioner, v WILLIAM E. PISANI, as Commissioner of the Department of Building of the City of White Plains, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the Commissioner of the White Plains Department of Building, dated March 16, 1979, as, after a hearing, found petitioner guilty of having thrice failed to comply with a directive of the commissioner (charge No. 1, Specifications Nos. 1 through 3) and imposed the punishment of demotion. Proceeding remitted to Special Term to hear and report in accordance herewith and determination of proceeding held in abeyance in the interim. Petitioner claimed at the hearing, and respondents did not deny, that on December 20, 1978 he and his attorneys met with his Congressman to discuss what petitioner believed to be illegal conduct that had been taking place in his department, the White Plains Department of Building. On December 27, 1978, seven days later, the instant charges were brought. Significantly, the second charge, which was subsequently withdrawn, was based directly on the meeting with the Congressman and accused petitioner of the unauthorized release of departmental records to the Congressman "for the purpose of public review and condemnation of the Commissioner of Building and his * * * determinations." Under these circumstances, petitioner is entitled to a hearing at Special Term at which the burden will be on him to show that his conduct was constitutionally protected and was a motivating factor in the commissioner's decision to bring the charges. Should petitioner carry that burden, Special Term shall then report on whether the commissioner has shown by a preponderance of the evidence that he would have preferred the charges and reached the same determination in the absence of the protected conduct. (See *Mount Healthy City School Dist. Bd. of Educ. v Doyle,* 429 US 274; *Grayson v Christian,* 64 AD2d 887.) Damiani, J. P., Titone, Cohalan and O'Connor, JJ., concur.