■ WILLIAM C. CARLISLE, Appellant-Respondent, v COUNTY OF NASSAU, Respondent-Appellant.—In an action to recover damages for personal injuries arising out of an alleged assault, arrest without proper cause, and use of excessive force by an employee of the defendant, the parties cross-appeal from an order of the Supreme Court, Nassau County, dated September 13, 1979, which granted plaintiff's renewed motion for leave to file an amended complaint to the extent of permitting an increase of the *ad damnum* clause and denied said motion insofar as it sought to add a cause of action alleging negligence. Order reversed, without costs or disbursements, and renewed motion granted to the extent of permitting plaintiff to add a cause of action alleging negligence and motion denied to the extent that plaintiff may not increase the *ad damnum* clause. The plaintiff should have been granted leave to amend his complaint so as to include a claim alleging negligence. The original complaint put the defendant on "notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203, subd [e]). The same transaction which gave rise to the original claim of assault, the confrontation between the plaintiff and the defendant's employee, a police officer, is at the base of the amended claim alleging negligence. The defendant was given sufficient notice, at the time of the original complaint, of the acts of which the plaintiff is now complaining (see *Watso v City of New York,* 39 AD2d 960). Special Term erred, however, in granting the plaintiff's request to increase the *ad damnum* clause. Although this court has stated that to be successful

on a motion to increase an *ad damnum* clause it is not necessary to allege recently discovered, new or aggravated injuries *(Gold v Huntington Town House,* 64 AD2d 885; *Koupash v Grand Union Co.,* 34 AD2d 695), and that such a motion may be granted upon a showing of an update *(Hillenbrand v 3801 Review Place,* 72 AD2d 554) or re-evaluation of the injuries *(Wagner v Huntington Hosp.,* 65 AD2d 771), plaintiff here has failed to make such a showing. Plaintiff's physical condition has been unchanged since the commencement of this action, nearly 13 years ago. There has been no re-evaluation of those injuries. The actuary's affidavit indicating an increase in the plaintiff's pecuniary loss is merely indicative of our ever rising inflation rate, and that alone will not be a sufficient basis for an increase in an *ad damnum* clause. Plaintiff's request for an increase should have been denied. Rabin, J. P., Margett, Martuscello and Weinstein, JJ., concur.