■ ANNA L. LEFF et al., Appellants, v ROBERT L. SOLEY, Respondent.—In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Westchester County, entered April 24, 1979, which denied their motion, *inter alia,* to set aside the jury verdict, which was against them and in favor of the defendant. We deem the notice of appeal to be a premature notice of appeal from the judgment which was entered on the verdict on July 18, 1979 (see CPLR 5520, subd [c]). Judgment affirmed, with costs. Under the circumstances of the instant case, the trial court properly refused to instruct the jury on the doctrine of *res ipsa loquitur* (see *Pipers v Rosenow,* 39 AD2d 240, 243-245 [opn by Hopkins, J.]; see, also, *De Falco v Long Is. Coll. Hosp.,* 90 Misc 2d 164, 168, affd 62 AD2d 1180). We have considered appellants' remaining contentions and find them to be lacking in merit. Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.

■ ROSE LEVINE et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County, dated April 2, 1980, which denied their motion to increase the *ad damnum* clause of the complaint. Order reversed, with $50 costs and disbursements, and plaintiffs' motion is granted. Since plaintiffs' motion to amend the *ad damnum* was based solely upon an update and re-evaluation of the original injuries, it was an abuse of discretion for Special Term to deny the motion on the ground that plaintiffs' medical affidavits had failed to show "sufficient differentiation between the [injured] plaintiff's condition prior to the accident and subsequent thereto to warrant * * * [an] increase in the amount of damages sought" from $100,000 to $1,000,000. Under such circumstances, proof of a causal connection between the accident and the injuries alleged is not necessary (see *Hillenbrand v 3801 Review Place,* 72 AD2d 554; see, also, *Wagner v Huntington Hosp.,* 65 AD2d 771). Additionally, the delay in making the instant motion is not per se an acceptable ground for denial in view of the fact that defendants have failed to demonstrate in what manner they would suffer actual prejudice at trial were the amendment to be granted (see *Wagner v Huntington Hosp., supra; Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001). Damiani, J. P., Gibbons, Gulotta and Weinstein, JJ., concur.