■ DANIEL F. CARDONE, an Infant, by His Parent and Natural Guardian, DANIEL M. CARDONE, et al., Appellants, v UNIVERSITY HOSPITAL et al., Respondents, et al., Defendant. (Action No. 1.) DANIEL F. CARDONE, an Infant, by His Parent and Natural Guardian, DANIEL M. CARDONE, et al., Plaintiffs, v NEW YORK UNIVERSITY MEDICAL CENTER (UNIVERSITY HOSPITAL) et al., Defendants. (Action No. 2.)—In a medical malpractice action, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County, dated March 10, 1980, as denied the branches of their motion which sought leave to (1) serve a supplemental bill of particulars in Action No. 1 (while granting the same relief as to Action No. 2), and (2) conform the *ad damnum* clause in Action No. 1 to the *ad damnum* clause in Action No. 2. Order reversed insofar as appealed from, with one bill of $50 costs and disbursements payable jointly by respondents appearing separately and filing separate briefs, the provisions denying the branches of plaintiffs' motion which sought leave to serve a supplemental bill of particulars in Action No. 1 and to conform the *ad damnum* clause in Action No. 1 to the *ad damnum* clause in Action No. 2, are deleted therefrom, and the said branches of the motion are granted, except that the words "and/or post-operative" are deleted from the proposed supplemental bill of particulars. The supplemental bill of particulars in the form annexed to the moving papers, as so modified, is deemed served in Action No. 1. On the record before us, it appears that the issues raised on this appeal are not the same as those decided in *Cardone v University Hosp.* (72 AD2d 544). The proposed supplemental bill of particulars does not set forth a new legal theory of liability or new injuries, but merely expands upon the continuing disabilities alleged in the original bill. As such, plaintiffs should have been permitted to serve their supplemental bill in Action No. 1 (see CPLR 3043, subd [b]; *Shillingford v Eckert,* 73 AD2d 601; *Lotto v Beth Shalom Center of Amityville & Massapequas,* 68 AD2d 881). However, the phrase "and/or post-operative" in Item No. 2 of the proposed supplemental bill in Action No. 1 should be deleted (see *Cardone v University Hosp., supra).* The delay in making the instant motion to increase the *ad damnum* clause is not per se an acceptable ground for denial, in view of the fact that defendants have failed to demonstrate in what manner they would be actually prejudiced thereby (see *Hampton v Lefkowitz,* 72 AD2d 805; *Hillenbrand v 3801 Review Place,* 72 AD2d 554). Moreover, the application to increase the *ad damnum* clause is essentially based upon an update and re-evaluation of the original injuries (see *Hampton v Lefkowitz, supra; Hillenbrand v 3801 Review Place, supra).* We further note that the facts of this case strongly suggest the advisability of a joint or consolidated trial of these actions. Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.