■ EVERTON BREWSTER, an Infant, by His Mother and Natural Guardian, RHODA BREWSTER, et al., Appellants, v CITY OF NEW YORK, Respondent. —In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County, entered May 21, 1980, which denied their motion to increase the *ad damnum* clause of their complaint from $500,000 to $1,500,000. Order reversed, and plaintiffs' motion granted, without costs or disbursements. Defendant is granted leave, if it be so advised, to conduct a further examination before trial and physical examination of the infant plaintiff solely with respect to the aggravation of his injuries as alleged in plaintiffs' motion papers. Only about nine months elapsed between the onset of the infant plaintiff's neurological condition, which plaintiffs contend was caused by the defendant's negligence, and the making of the instant motion to increase the *ad damnum* clause. Plaintiffs' attorney made the motion less than one month after he became aware of the onset of the condition, and the defendant has alleged no actual prejudice. Therefore, it was an abuse of discretion for Trial Term to have denied plaintiffs' motion on the ground of "inordinate" delay. Mere lapse of time, unaccompanied by proof of actual prejudice to the defendant, is not a sufficient ground for denial of such a

motion *(Calautti v National Transp. Co.,* 10 AD2d 955). Hopkins, J. P., Titone, Margett and Weinstein, JJ., concur.