■ SAM BERAS et al., Respondents, v WOLF BERAS et al., Appellants. — In an action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County (Rader, J.), dated January 29, 1981, which granted plaintiffs' motion to amend the complaint. Order reversed, on the law, with $50 costs and disbursements, and the motion is granted only to

the extent that it seeks leave to serve an amended complaint setting forth additional causes of action, but is denied to the extent that the damages sought on the additional causes of action exceed those demanded in the original complaint, without prejudice to renewal of the motion on proper proof. Plaintiffs shall serve the amended complaint within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. While an increase in the *ad damnum* clause may be granted upon an update *(Cardone v University Hosp.,* 78 AD2d 645; *Hillenbrand v 3801 Review Place,* 72 AD2d 554) or re-evaluation of injuries *(Wagner v Huntington Hosp.,* 65 AD2d 771), it is still the movant's obligation to submit proof that such an update or re-evaluation has been made (see *Carlisle v County of Nassau,* 75 AD2d 593). In the instant case, the damages sought by plaintiffs on the causes of action added by their amended complaint totaled $550,000, despite the fact that they relied on the same transaction and injuries for which only $50,000 had been demanded in the original complaint. The only reason given for this vast discrepancy is contained in the affirmation of plaintiffs' counsel to the effect that the injuries sustained were "far more serious" than originally had been believed; no affidavits were submitted by medical authorities or the injured plaintiff. In our view, the proof was insufficient to permit the increased *ad damnum* on the added causes of action. Lazer, J.P., Mangano, Gibbons and Margett, JJ., concur.