■ HELEN STROBEL, as Administratrix of the Estate of MOZES STROBEL, Deceased, et al., Respondents, v BERT DAILEY et al., Defendants, and DUSICA RADULOVIC et al., Appellants. — In consolidated actions to recover damages for wrongful death, conscious pain and suffering, personal injuries and loss of services, defendants Dusica Radulovic and Pioneer Bus Company, Inc., separately appeal from so much of an order of the Supreme Court, Kings County (Rader, J.), dated January 8, 1981, as granted that branch of plaintiffs' motion which was to increase the *ad damnum* clause with respect to two of the causes of action of their complaint. Order affirmed insofar as appealed from, with one bill of $50 costs and disbursements. The trend of this court is to stress prejudice to the defendant over mere delay as a basis for denying an increase in the *ad damnum* clause of a complaint (see *Hillenbrand v 3801 Review Place,* 72 AD2d 554; *Robbins v Sperlazza,* 72 AD2d 558). Leave to increase has been permitted based solely upon a re-evaluation of damages *(Wagner v Huntington Hosp.,* 65 AD2d 771). In light of this liberal view allowing amendment, the motion for leave to increase the *ad damnum* clause was properly granted. We note,

however that the validity of plaintiffs' claim for psychic injury was not raised at Special Term and therefore we will not consider it here. Lazer, J. P., Rabin and Bracken, JJ., concur.

Cohalan, J., concurs in the result on constraint of *Gonzalez v Texaco, Inc.* (71 AD2d 666).