■ ALBERT KUSHNER, Respondent, v QUEENS TRANSIT CORP. et al., Appellants. — In a personal injury action, defendants appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated September 8, 1982, which, *inter alia,* granted the plaintiff's motion to remove the within action from the Civil Court to the Supreme Court, and for leave to serve an amended complaint increasing the *ad damnum* clause from $10,000 to $250,000. Order affirmed, with costs. Plaintiff's time to serve an amended verified complaint is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. The trend in this court has been to stress prejudice to the defendant over mere delay as a basis for denying a motion to increase the *ad damnum* clause of a complaint (compare *Strobel v Dailey,* 84 AD2d 748, and *Brewster v City of New York,* 78 AD2d 667, with *Posselt v Rosa,* 60 AD2d 854, and *London v Moore,* 32 AD2d 543), and in this case no actual prejudice to the defendants has been demonstrated. Moreover, leave to increase the *ad damnum* clause has been permitted based solely upon an update (*Cardone v University Hosp.,* 78 AD2d 645; *Hillenbrand v 3801 Review Place,* 72 AD2d 554) or a re-evaluation of the original injuries (*Wagner v Huntington Hosp.,* 65 AD2d 771) where, as here, the proof is sufficient to warrant an increase (see *Koupash v Grand Union Co.,* 34 AD2d 695; *Bird v Board of Educ.,* 29 AD2d 812; cf. *Beras v Beras,* 82 AD2d 843; *Carlisle v County of Nassau,* 75 AD2d 593). Under these circumstances, it cannot be said that Special Term abused its discretion in granting the motion. Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.