■ SALVATORE MESSINA, JR., et al., Respondents, v VINCENT PORTOBELLO et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Richmond County (Rubin, J.), dated December 12, 1983, which granted plaintiffs' motion to increase the ad damnum clause in their original complaint and transferred the action from the Civil Court to the Supreme Court.

Order affirmed, with costs.

Upon a review of the record, we conclude that Special Term did not abuse its discretion in granting plaintiffs' motion seeking to increase the ad damnum clause in their complaint and transferring the action from the Civil Court to the Supreme Court. The application, which was based on a reevaluation or update of the injuries sustained by plaintiff Mildred Messina in the underlying accident, was properly granted in the absence of a showing of substantial prejudice to defendants (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, *rearg denied* 55 NY2d 801; *Beras v Beras,* 82 AD2d 843). "Prejudice, of course, is not found in the mere exposure of the defendant to greater liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" (*Loomis v Civetta Corinno Constr. Corp., supra,* at p 23). In this case, defendants have not put forth any proof to indicate how their case would be prejudiced by the granting of this application other than their exposure to greater liability. Accordingly, the application was properly granted. Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.