(December 28, 1993)

■ WILLIAM SOTOMAYOR, JR., et al., Respondents, v PRINCETON SKI OUTLET CORPORATION, Appellant. [605 NYS2d 296] — Order, Supreme Court, Bronx County (Anita R. Florio, J.), entered September 4, 1992, which, *inter alia,* denied that part of defendant's motion pursuant to CPLR 3025 (b) which sought leave to amend its answer to interpose the affirmative defenses of release and documentary evidence, unanimously modified, on the law, only to the extent of granting defendant leave to serve an amended answer, within twenty days of service upon it of this Court's order, asserting the affirmative defense of release and, as so modified, the order is otherwise affirmed, without costs.

Absent any showing of prejudice to plaintiff, defendant should have been granted leave to amend its answer to assert the affirmative defense of release in light of the "Release Agreement" signed by plaintiff on November 16, 1990 at the time he leased ski equipment from defendant retailer. Contrary to the finding of the IAS Court, the release is not on its face violative of public policy *(see, Lago v Krollage,* 78 NY2d 95, 99-100; *Gross v Sweet,* 49 NY2d 102) and the defense based thereon is not patently without merit *(see, Joel v Weber,* 166 AD2d 130, 138). As to the purported affirmative defense of documentary evidence sought to be asserted, the IAS Court correctly found that documentary evidence is not by itself an affirmative defense, but merely one way in which a defense may be raised or proven *(see, e.g.,* CPLR 3211 [a] [1]). While the list of affirmative defenses in CPLR 3018 (b) is not exhaustive and the release in question qualifies as documentary evidence, it would be redundant to permit defendant to plead both the affirmative defense of release as embodied in the document and a separate defense based solely on the existence of said document. Concur—Murphy, P. J., Kupferman, Rubin and Nardelli, JJ.