■ WINSTON CASTLE et al., Respondents, v GASETERIA OIL CORPORATION et al., Defendants, and ANDRE CADET et al., Appellants. [693 NYS2d 216] —In an action to recover damages for personal injuries, etc., the defendants Andre Cadet and Charles Fortune appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated August 11, 1998, which denied their motion for leave to amend their answer to assert the affirmative defense of release, and for summary judgment dismissing the complaint insofar as asserted against them based on that defense.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

Contrary to the determination of the Supreme Court, the plaintiffs could not reasonably believe that the issue of the validity of the release had been resolved by order of the same court dated July 9, 1987. The order dated July 9, 1987, did not address the validity of the release, and therefore does not constitute the law of the case on that issue (see, Clearwater Realty

*Co. v Hernandez,* 256 AD2d 100; *Gilligan v Reers,* 255 AD2d 486).

It was an improvident exercise of discretion to deny the appellants' motion for leave to amend their answer to assert the affirmative defense of release. The release is not void, and that defense has merit (*see, e.g., Sotomayor v Princeton Ski Outlet Corp.,* 199 AD2d 197; *Sidor v Zuhoski,* 257 AD2d 564). No prejudice resulted from the appellants' delay in seeking leave to amend, as the plaintiffs knew that they had signed the release, and had prior notice that the appellants contended that the release and settlement were valid (*see, Rodless Decorations v Kaf-Kaf, Inc.,* 232 AD2d 620, *affd* 90 NY2d 654).

Thus, as the injured plaintiff, Winston Castle, failed to prove any valid defense to the release (*see, e.g., Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603, 616), and the plaintiff wife failed to raise any defense to the release whatsoever, the appellants were entitled to summary judgment based on that defense. Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.