| Ndeye v City of New York |
|---|
| 2025 NY Slip Op 31277(U) |
| April 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158758/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. HASA A. KINGO**</u>      **PART**      **05M**

*Justice*

-----------------------------------------------------------------------------X

FAYE NDEYE,

                 Plaintiff,

             - v -

THE CITY OF NEW YORK, CITARELLA GOURMET
MARKET, CITARELLA OPERATING, LLC.

                 Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158758/2024 |
| **MOTION DATE** | 04/07/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37

were read on this motion to           <u>AMEND CAPTION/PLEADINGS</u> .

       Plaintiff moves this court for leave to supplement the original summons and complaint by joining as direct Defendants Village Enterprises, LLC; Greenwich Village Fish Co., Inc; 69 West9 Ownerscorp.; Consolidated Edison Company of New York, Inc.; Safeway Construction Enterprises, LLC; Board of Managers of 69 West9 Condominium; and Gumley-Haft, LLC. The motion is brought pursuant to CPLR §§ 1002, 1003, and 3025(b) and is designed not only to join additional responsible parties but also to amend the caption and complaint accordingly.

## BACKGROUND AND PROCEDURAL HISTORY

       This action arises from a personal injury incident that occurred on September 8, 2023, at approximately 5:45 PM, when Plaintiff, while traversing the vicinity of the intersection of 9th Street and 6th Avenue in New York, New York, was caused to trip and fall. The fall, as alleged, resulted from an improperly maintained, defective, and hazardous sidewalk, curb, and/or roadway at the scene. The initial complaint, which set forth the basic allegations regarding negligence and substandard premises conditions, was filed on or about September 17, 2024, and the summons and complaint were duly served on those defendants then understood to be responsible for the management, maintenance, repair, and operation of the location. Subsequent service of verified answers by Citarella Operating, LLC on November 4, 2024, by The City of New York on November 29, 2024, and by Citarella Gourmet Market confirmed these parties' involvement in the litigation.

**158758/2024 NDEYE, FAYE vs. THE CITY OF NEW YORK ET AL**          **Page 1 of 4**
     **Motion No. 002**

1 of 4

Soon after filing, however, it became apparent that additional parties—entities that own, operate, manage, inspect, or repair the premises—should properly be included as direct defendants. Relying on emergent information, Plaintiff now moves to join the following additional parties: Village Enterprises, LLC; Greenwich Village Fish Co., Inc.; 69 West9 Ownerscorp.; Consolidated Edison Company of New York, Inc.; Safeway Construction Enterprises, LLC; Board of Managers of 69 West9 Condominium; and Gumley-Haft, LLC. As no preliminary conference has yet occurred and examinations before trial remain outstanding, Plaintiff contends that the need for a complete and factually accurate pleading is essential to safeguard all parties' interests and to facilitate the orderly administration of justice.

## ARGUMENT AND LEGAL GROUNDS

Plaintiff seeks an amendment of the pleadings that would add new defendants with minimal impact on the substantive issues of the case. Courts have long recognized, as articulated in *Kushner v. Queens Transit*, 97 AD2d 432 (2d Dept 1983), that permitting such amendments is consistent with the overarching need to resolve the real controversies on the merits rather than through procedural technicalities. Plaintiff argues here that the proposed supplemental summons and amended complaint properly correct and update the allegations by identifying all parties who may share in the liability for the hazardous condition that resulted in the Plaintiff's injuries.

Plaintiff further underscores that it is well established that leave to amend a pleading under CPLR § 3025(b) should be freely given so long as the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit. In the present instance, Plaintiff avers that there is no evidence that the additional parties could claim any form of prejudice due to the timing of their proposed inclusion, especially as the amendment merely supplements the pleadings to reflect the true state of affairs regarding premises ownership and control. Indeed, Plaintiff argues that this court's own precedents, along with decisions in *Sotomayor v. Princeton Ski Outlet Corp.*, 199 AD2d 197 (1st Dept 1993) and *Zacher v. Oakdale Islandia Ltd. Partnership*, 211 AD2d 712 (2d Dept 1995), support the view that such amendments are necessary to ensure that all potential parties liable for the incident are before the court and that any claim thereto is fully litigated.

Moreover, Plaintiff states that as the additional allegations arise from newly ascertained information that clearly demonstrates the connection between the accident and the premises' management, there is no manifest element of surprise or prejudice that would justify denying the motion. In support of this position, Plaintiff posits that *Santori v. Met Life*, 11 AD3d 597 (2d Dept 2004) emphasizes that the purpose of allowing amendments is to render the litigation just and complete. Plaintiff further contends that the factual record underlines that the deficit in the original complaint was not due to any negligence on the part of Plaintiff's counsel but rather due to evolving evidence concerning the complex administrative and operational structure of the premises. Therefore, by joining these additional defendants, the true nature of liability is brought to light, ensuring that all potentially responsible parties are held accountable and that discovery may extend to all necessary areas.

## DISCUSSION

158758/2024   NDEYE, FAYE vs. THE CITY OF NEW YORK ET AL                    Page 2 of 4
Motion No. 002

2 of 4

The court's inquiry into the merits of this motion demonstrates unequivocally that the addition of the proposed defendants is not only warranted but is imperative in order to fully adjudicate the issues raised by Plaintiff. As observed in *Kushner*, the liberal amendment standard ensures that justice is not thwarted by the inadvertent omission of a party; it is incumbent upon the court to review such motions with an eye toward ensuring that the merits of the case are fully and fairly presented. The cases of *Sotomayor* and *Zacher* further affirm that when the amendments serve primarily to include parties who have a direct interest in the circumstances underlying the incident—and where the statute of limitations has not expired—the matter should proceed without delay. Furthermore, *Belus v. Southside Hosp.*, 106 AD3d 765 (2d Dept 2013) reinforces that trial court's broad discretion in granting such leave should not be lightly disturbed when the substance of the complaint is effectively enhanced by the inclusion of additional parties.

The court notes that the factual underpinnings of this case, including the hazardous conditions reported at the location where the accident occurred, remain unaltered by the amendment. The proposed supplemental summons and amended complaint serve simply to crystallize the relationship between the Plaintiff's injuries and all entities that own, manage, and maintain the property. This form of amendment is critical not only to the pursuit of a just resolution on the merits but also to ensuring that comprehensive discovery is enabled. As held by *Santori*, when proper identification of responsible entities is achieved, the likelihood of uncovering relevant evidence through discovery is significantly enhanced. The additional defendants named in this motion have direct operational and managerial roles over the premises, which are the subject matter of the Plaintiff's allegations. Their inclusion is thus directly relevant to establishing liability, negating any assertion of prejudice based on the timing of their proposed addition to the litigation.

The court further rejects any suggestion that the amendment is untimely. The unchallenged nature of the motion, combined with the absence of any credible demonstration that the amendment would cause procedural disruption or unfair disadvantage to the Defendants, underscores the propriety of the requested relief. The legislative intent behind CPLR § 3025(b) is to facilitate the full and efficient resolution of disputes by allowing parties to correct or supplement pleadings as necessary. In this instance, such corrective action is not only justified but demanded by the evolving factual landscape.

Based on the foregoing analysis and supported by well-established precedent, the court finds that Plaintiff's motion is meritorious and that leave to amend the pleadings must be freely granted absent any show of prejudice by the Defendants.

Accordingly, it is hereby:

ORDERED, that Plaintiff's motion to supplement the summons and amend the complaint by joining Village Enterprises, LLC; Greenwich Village Fish Co., Inc.; 69 West9 Ownerscorp.; Consolidated Edison Company of New York, Inc.; Safeway Construction Enterprises, LLC; Board of Managers of 69 West9 Condominium; and Gumley-Haft, LLC as direct Defendants is GRANTED; and it is further

ORDERED that the Clerk of the Court is directed to amend the caption to reflect the inclusion of these additional Defendants; and it is further

158758/2024   NDEYE, FAYE vs. THE CITY OF NEW YORK ET AL                    Page 3 of 4
  Motion No.  002

3 of 4

[* 3]

ORDERED that Plaintiff serve the amended pleadings upon all Defendants within ten (10) days from the date of this order.

This constitutes the decision and order of the court.

20250414123530HKINGO2AB07XX568134332BCDBC80E6977E75A

| 4/14/2025 | | | | HASA A. KINGO, J.S.C. |
| DATE | | | | |

CHECK ONE:  [ ] CASE DISPOSED  [X] NON-FINAL DISPOSITION

[X] GRANTED  [ ] DENIED  [ ] GRANTED IN PART  [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER  [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

158758/2024   NDEYE, FAYE vs. THE CITY OF NEW YORK ET AL
Motion No.  002

Page 4 of 4

4 of 4

[* 4]