JULIA KOI, Respondent, v. P. S. & M. CATERING CORP., Appellant, et al., Defendants.—

The action and claimed injuries arise out of a fall on a staircase which allegedly occurred on March 15, 1953. The action was commenced by service of a summons and complaint in May, 1954, issue was joined shortly thereafter, an amended complaint served in May, 1955, and an answer served in that same month. Plaintiff's original bill of particulars was dated December 3, 1954. Plaintiff moved in August, 1956 to amend her original bill of particulars to allege " compression fractures of the bodies of L-1 & L-2 "; in addition, plaintiff moved to amend her statement of damages with respect to physician's services and medical supplies and increase the same from $500 to $650. The motion was granted and an amended bill of particulars dated August 30, 1956 was served. Plaintiff's amended bill of particulars served pursuant to the order appealed from now alleges compression fracture of the body of "L-3" which was not claimed in the amended bill of particulars served in 1956. The new bill also claims for the first time an involvement of the lumbo-sacral region and a " post-traumatic conversion hysteria, manifested by right hemianesthesia and depression" and a "Bilateral traumatic nerve hearing loss". In addition, whereas the 1956 bill alleged plaintiff's disability had terminated on April 4, 1954, she now claims that a new disability commenced in June, 1958. These amendments were permitted almost nine years after the accident and after the cause had appeared on the Ready Calendar since 1958, having been adjourned some 95 times. It has always been the law that permission to increase the *ad damnum* clause in an action for personal injuries lies within the sound discretion of the court. However, the motion will not be granted where the plaintiff is chargeable with inordinate laches or where the amendment would unfairly prejudice the defendant. (*Cox* v. *New York Tel. Co.*, 10 A D 2d 565; *Morey* v. *City of Rochester*, 274 App. Div. 969; see, also, cases cited in dissenting opinion in *Teplitsky* v. *Kamensky*, 9 A D 2d 671.) In our opinion the inordinate laches in this case should have impelled Special Term to refuse to exercise discretion in favor of the application. (*Cox* v. *New York Tel. Co.*, *supra*.) Further, on an application of this nature there should be submitted plaintiff's affidavit of merits showing the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff and excusing the failure

or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff. (*Bridge Hardware Co.* v. *Trager*, 1 A D 2d 823; *Mutual Loan Assn.* v. *Lesser*, 81 App. Div. 138.) Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.