■ In the Matter of the Arbitration Between BUNGE CORPORATION, Respondent, and SCARBURGH COMPANY, INC., Appellant.— Order, entered on February 13, 1964, granting a motion by petitioner for an order compelling arbitration and denying a cross motion by respondent Scarburgh for an order extending its time to answer the petition to compel arbitration, unanimously affirmed, without costs, on the ground that no facts of fraud sufficient to create an issue were averred. Concur — Breitel, J. P., McNally, Eager, Steuer and Staley, JJ.

■ GIUSEPPI FERRARI, Respondent, v. PARAMOUNT PLUMBING & HEATING Co., INC., et al., Appellants. PSATY & FUHRMAN, INC., Third-Party Plaintiff, v. INDUSTRIAL ENGINEERING Co., INC., Third-Party Defendant-Appellant.— Order, entered on November 27, 1963, granting the plaintiff's motion to amend his complaint by increasing the *ad damnum* clause from $100,000 to $500,000 and to amend the bill of particulars, reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to appellants, and the motion denied, without prejudice, however, to a renewal of the motion, if plaintiff be so advised, upon condition that plaintiff pay the costs of the action to date and upon any other conditions, if any, Special Term may see fit to impose upon such renewal. To permit the substantial increase of the *ad damnum* clause sought on this motion requires the submission of a physician's affidavit which demonstrates with some degree of specificity the nature of the plaintiff's injuries, their prospective consequences, the resulting disabilities and the causal relationship between such disabilities and the original injuries sustained. The medical affidavit here submitted is fatally deficient in these respects. In addition, it is necessary on an application of this nature that there be submitted an affidavit of merits "showing the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff" (*Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775). No such affidavit has been submitted. While the instant application is deficient in the above respects, we deem it advisable, however, in the light of the apparent serious and progressive nature of the plaintiff's injuries, the prior notice of intention to seek an amendment of the *ad damnum* clause and in the over-all interest of justice, to afford the plaintiff an opportunity to renew his application upon proper papers if he so desires. Concur — Breitel, J. P., Steuer and Staley, JJ.; McNally and Eager, JJ., dissent in part in the following memorandum by McNally, J.: I dissent in part and vote to reverse the order appealed from and to deny the motion unconditionally. In my opinion the plaintiff is chargeable with inordinate laches. (*Gerard* v. *331 Madison Ave. Corp.*, 20 A D 2d 776; *Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775; *Cox* v. *New York Tel. Co.*, 10 A D 2d 565; see, also, cases cited in dissenting opinion in *Teplitsky* v. *Kamensky*, 9 A D 2d 671.)