■ MARIO BATTAGLIA, Respondent, v. ELLIOTT DEVELOPMENT CORPORATION et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County, dated October 17, 1969, which (1) granted plaintiff's oral motion at Trial Term to amend the complaint so as to increase the *ad damnum* of the complaint from $150,000 to $1,000,000, (2) directed a further physical examination and an examination before trial of plaintiff and (3) adjourned the trial of the action. Order reversed, with $10 costs and disbursements, and motion denied, without prejudice to renewal of the motion as hereinafter indicated, if plaintiff be so advised. The record does not adequately explain plaintiff's inordinate delay and failure to move at Special Term from 1965 to 1969 and on proper papers. On an application of this nature the moving papers should include an affidavit by the plaintiff showing the merits of the case, the reason explaining or excusing the delay in making the motion and facts showing that the increase is warranted. A physician's affidavit should also be submitted, demonstrating with some degree of specificity the nature of the plaintiff's injuries and a causal connection between those injuries and the accident which is the basis of the action (*Koi* v. *P.S. & M. Catering Corp.*, 15 A D 2d 775; *Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878; see, also, *Handschu* v. *Weltz*, 13 A D 2d 679; *Petrella* v. *Gruber*, 19 A D 2d 794; *Doyle* v. *Killeen*, 28 A D 2d 969). However, in view of the apparent seriousness of plaintiff's injuries and in the interests of justice, we believe plaintiff should be afforded an opportunity to renew his application upon proper papers, if he so desires. Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

■ THERESA CARRANO, Respondent, v. CITY OF NEW YORK, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from so much of an order of the Supreme Court, Queens County, dated September 14, 1965, as, in granting its motion to vacate its default in serving its answer to the complaint, imposed the condition that defendant waive the defense of the Statute of Limitations. Order reversed insofar as appealed from, without costs, and motion granted unconditionally. It appears that the defendant city's 28-day delay in serving an answer was due to inadvertence caused by the heavy press of work and that the Statute of Limitations for the commencement of a tort action against the city (General Municipal Law, § 50-i) constitutes a meritorious defense to the action. It does not appear that plaintiff suffered the impairment of a right or any other prejudice in law by reason of the delay. In the circumstances, the city's motion to vacate its default should have been granted unconditionally (*Bermudez* v. *City of New York*, 22 A D 2d 865; *Hirsch* v. *Flick*, 17 A D 2d 961; *Karp* v. *Antelman*, 285 App. Div. 955; *Sears* v. *Hetfield*, 216 App. Div. 767). Christ, P. J., Hopkins, Munder, Martuscello and Kleinfeld, JJ., concur.