JEANETTE GOLDFARB, as Executrix of MEYER GOLDFARB, Deceased, et al., Respondents v. 65 EAST 11TH STREET CORPORATION, Appellant.— Order, Supreme Court, New York County, entered May 1, 1972, granting plaintiff's motion to amend and supplement the complaint by adding a cause of action for wrongful death and by increasing the *ad damnum* clause, is unanimously reversed on the law, the facts and in the exercise of discretion, without costs and without disbursements, and the motion denied.   A prior application was denied without prejudice to renewal upon " proper papers including a physician's affidavit and an affidavit of merit by a person having knowledge of the facts." The papers submitted on this renewed application fail to comply with the prior order and are, in any event, deficient.   On applications of this type, an affidavit of merits is necessary.   (See e.g., *Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878.)   Despite such requirement, and despite the prior order, plaintiff failed to submit such an affidavit, and indeed, the papers which were submitted indicated a reluctance to provide the required affidavit of merits for fear of revealing the prima facie case.   Additionally, while a physician's affidavit was submitted, it failed to set forth any factual basis or competent medical proof to support the conclusion that the subsequent death was caused by the original accident.   (See *McCarthy* v. *Downes*, 17 A D 2d 919; *Scalzo* v. *Brunori*, 17 A D 2d 612.)   Concur — Stevens, P. J., Kupferman, Murphy, McNally and Tilzer, JJ.