■ HELEN HRUSKO, Respondent, v. PUBLIC SERVICE COORDINATED TRANSPORT CORP. et al., Appellants.— Order, Supreme Court, New York County, entered on February 16, 1972, granting plaintiff's application to serve an amended bill of particulars and to amend the *ad damnum* clause of the complaint, affirmed, without costs and without disbursements; leave is also given to defendant to conduct a further physical examination of plaintiff, if so advised. The granting of a motion of this character is ordinarily within the sound discretion of the court (*Soulier* v. *Harrison,* 21 A D 2d 725; 6 Carmody-Wait 2d, New York Practice, § 34:16), and the motion herein was made not on the eve of trial, but at a time when the case was no longer on the Trial Calendar, and at a time subsequent to its having been marked off; the case itself was restored by a stipulation; and, it is represented, the motion also followed a suggestion of the then presiding Judge that such a motion be made. The proffered amendment seeks changes in the special damages pleaded; as such it "merely informs an adversary of the maximum amount of the claim asserted " (*Natale* v. *Great Atlantic & Pacific Tea Co.,* 8 A D 2d 781), and accordingly, the defendants "cannot seriously urge that they have been prejudiced", as no change in the theory of the case is sought or permitted, and the amounts must be sustained during the trial process, or they will be disallowed. Although there has been delay, it is satisfactorily explained, and in and of itself is not sufficient to preclude the granting of the motion. (*Ryan* v. *Collins,* 33 A D 2d 966; see, also, *Schiffman* v. *Meir,* 39 A D 2d 697.) However, due to the delay, we do not award the costs of the appeal to the plaintiff. Concur — McGivern, J. P., Kupferman, Capozzoli and Macken, JJ.; McNally J., dissents in the following memorandum:I dissent and vote to reverse and deny the application to amend the bill of particulars and the *ad damnum* clause. In my opinion, the motion to serve an amended bill and to increase the *ad damnum* clause should have been denied in the exercise of sound discretion. The supporting papers are wholly insufficient. We have repeatedly held a plaintiff must produce an affidavit showing the reasons for the delay in making the application to amend plus the fact the increase is warranted by reason of information which has recently come to the attention of the plaintiff and excusing the failure or negligence necessitating the amendment. (*Galarza* v. *Alcoa S. S. Co.,* 34 A D 2d 907; *Koi* v. *P. S. & M. Catering Corp.,* 15 A D 2d 775.) We have also stated that an application of this nature should not be granted where the plaintiff is chargeable within ordinate laches or where the increase in amount would unfairly prejudice the defendant. (*Galarza* v. *Alcoa S. S. Co., supra; Koi* v. *P. S. & M. Catering Corp., supra.*) Plaintiff has failed to establish she has in fact incurred an increase in medical and hospital expenses from $6,000 to $40,000 since the service of her bill of particulars in 1967. There must be an evidentiary showing to support the claim before an amendment can be granted. There is not a scintilla of proof in the moving papers to sustain the claim that plaintiff might lose $300,000 in prospective earnings. The amendment is without basis in fact. (See *Blaikie* v. *Borden Co.,* 29 A D 2d 932.) The relief granted is prejudicial to the defendants since it would permit plaintiff to argue for and perhaps recover an excessive award. (*Osborne* v. *Miller,* 38 A D 2d 298, 300.) This case was on the trial calendar and marked ready until January 13, 1972, when the case was apparently marked off the calendar as counsel for plaintiff stated he could not locate his client. Defendants argue this was a ploy by plaintiff's trial counsel for the purpose of making the motion to increase the *ad damnum* on the eve of trial. The supporting affidavits of both plaintiff and her doctor set forth no new conditions. In fact, the last time the plaintiff's doctor examined her was June 19, 1971. It is the opinion of the

impartial medical examiner that as a result of the accident of November 4, 1963, plaintiff suffered an acute lumbosacral strain with some left sciatic pain. It was his opinion that she has recovered from this strain without any permanent residual effects. He found no evidence of disuse atrophy of the muscles of the left leg; no evidence of a scoliosis; no evidence of a ruptured disk and he further states that the wearing of the lumbo-sacral corset in his opinion is for subjective reasons. In my opinion, this application was made for the purpose of arguing to a jury on the *voir dire* and in the opening and closing that this is a $500,000 case without regard to its real value. There is a pattern in actions of this nature whereby a motion of this kind and character is utilized to enable argument to a jury in support of excessive damages. See generally cases cited in the majority and minority memoranda in *Teplitsky* v. *Kamensky* (9 A D 2d 671).