■ ˙ VINCENT LUONGO et al., Respondents, v HOLLANDER ASSOCIATES et al., Appellants.—Order, Supreme Court, New York County, entered on March 30, 1976, granting the motion of plaintiff, Vincent Luongo, to amend his complaint by increasing the *ad damnum* clauses therein, unanimously reversed, on the law, the facts and in the exercise of discretion and motion denied, without costs and without disbursements. The bill of particulars served by plaintiffs in May, 1975 indicates knowledge by them, at that time, of the nature and extent of the injuries sustained by plaintiff, Vincent Luongo, and of the possibility of future surgery. The motion was made seven months after plaintiffs had filed their note of issue and statement of readiness. "Further, on an application of this nature there should be submitted plaintiff's affidavit of merits showing the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff." *(Koi v P. S. & M. Catering Corp.,* 15 AD2d 775, 776; also, see, *Ferrari v Paramount Plumbing & Heating Co.,* 20 AD2d 878.) This has not been done in the case at bar. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lane, JJ.

■ In the Matter of MARION STONE, Respondent, v ROBERT STONE, Appellant.—Order, Family Court, New York County, entered August 31, 1976, adjudging respondent husband in contempt, unanimously reversed on the law and the matter remanded for a plenary hearing on the issue of respondent's willfulness in failure to make support payments, without costs and without disbursements. The respondent, in a proceeding before another Family Court Judge, was directed to make support payments to his wife. When the husband failed to make support payments, the wife brought a petition alleging violation of the prior support order and the husband cross-moved to vacate and annul the support order. The court concluded that it was bound by the findings of the prior Family Court Judge and declined to grant a hearing on the issue of the husband's ability to pay. The court (in December, 1975) found the husband in contempt and issued a warrant for his arrest. A subsequent application by the wife filed in April, 1976 resulted in the issuance of a new warrant and the eventual arrest of the husband in August, 1976, at which time the matter was referred back to the Judge who originally found the husband in contempt. At this August, 1976 hearing, the Judge deemed the proceeding an extension of the December, 1975 hearing and stated that the husband's failure to pay was willful as a matter of law. Testimony was limited to the issue of whether or not the husband had made support payments, notwithstanding the fact that the husband was ready to present testimony regarding his inability to pay. Mere nonpayment alone cannot establish willfulness *(Matter of Cardona v Perez,* 28 AD2d 673; *Matter of Jennings v Jennings,* 42 AD2d 568, 569), and the court should have taken testimony as to the husband's ability to pay. Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.