■ Louis Wybaillie, Respondent, v Majesty Carting Company et al., Appellants.—Order, Supreme Court, Bronx County, entered August 2, 1977, which granted plaintiff leave to increase the *ad damnum* clause of his complaint from $50,000 to $250,000 and to serve an amended bill of particulars, unanimously reversed, on the law, on the facts and in the exercise of discretion, and the motion denied. Appellants shall recover of respondent $40 costs and disbursements of this appeal. On this record no excuse is offered by plaintiff for the delay in seeking to increase the *ad damnum* clause of his complaint. A period of some two and one-half years had elapsed after the second accident before plaintiff initially sought to increase the *ad damnum*. As we observed in *Koi v P. S. & M. Catering Corp.* (15 AD2d 775, 776): "on an application of this nature there should be submitted plaintiff's affidavit of merit showing the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff" (see *Luongo v Hollander Assoc.,* 54 AD2d 858). Concur—Murphy, P. J., Kupferman, Lupiano and Silverman, JJ.

■ Dorothy L. Lupo, Appellant, v New York Foundling Hospital, Respondent.—Judgment, Supreme Court, New York County, entered on June 24, 1977, unanimously affirmed for the reasons stated by Greenfield, J., at Special Term, without costs and without disbursements. Concur—Murphy, P. J., Lupiano, Lane, Markewich and Sandler, JJ.