■ GIOACCHINO PICCINICH, Appellant, v GRACE LINES, INC., Defendant and Third-Party Plaintiff-Respondent. INTERNATIONAL TERMINAL OPERATING Co., INC. Third-Party Defendant-Respondent.—Judgment in favor of plaintiff against defendant Grace Lines, Inc., in the sum of $201,226.20, entered in the office of the clerk of the Supreme Court, New York County, on February 11, 1977, after trial, unanimously affirmed, without costs or disbursements. Plaintiff was injured on July 16, 1969 as a result of an accident allegedly occasioned by defendant's negligence. In January, 1977, on the eve of trial, plaintiff moved to increase the *ad damnum* clause from $200,000 to $1,000,-000 upon the claim, "on the basis of newly discovered facts", that he suffered a psychiatric disability. The motion was supported solely by an affidavit of plaintiff's daughter and a letter from a psychiatrist who had examined plaintiff just before trial and found him to be "suffering from a Post Traumatic Neurosis with depressive features which seem according to the history to be related to his accident." Prior applications to increase the *ad damnum* clause on other grounds had been denied and on one occasion such denial was affirmed on appeal. (See *Piccinich v Grace Line, Inc.,* 54 AD2d 887, lv to app den 40 NY2d 1092.) In this final application we note that the affidavit of plaintiff's daughter asserted that plaintiff "has been in a constant state of depression *since* the accident which made him totally disabled" (emphasis added). Throughout the long history of this action there have been six different applications to increase *ad damnum* but the claim of psychiatric difficulties was never advanced. The application, made on the eve of trial, without an affidavit from plaintiff and an affidavit from the psychiatrist was properly denied. (See *Osborne v Miller,* 38 AD2d 298; *Ferrari v Paramount Plumbing & Heating Co.,* 20 AD2d 878; *Koi v P. S. & M. Catering Corp.,* 15 AD2d 775.) The fact that the jury returned a verdict for $450,000 provides no basis for overruling the trial court's reduction of the verdict. A verdict cannot exceed the amount demanded as damages in the complaint. (3 Weinstein-Korn-Miller, NY Civ Prac, par 3017.06.) In the circumstances we find that there was no improvident exercise of discretion by the trial court. Concur—Lupiano, J. P., Birns, Silverman, Evans and Markewich, JJ.