■ JOHN M. PRENDERVILLE, as Administrator of the Estate of HELEN PRENDERVILLE, Deceased, Respondent, v CITY OF NEW YORK, Defendant, and AZEL STONE et al., Appellants.—In a wrongful death action, the appeals are from (1) an order of the Supreme Court, Kings County, dated June 2, 1978, which granted plaintiff's motion to amend his *ad damnum* clause from $35,000 to $100,000 and (2) so much of a further order of the same court dated August 2, 1978 as, upon reargument, adhered to its original determination. Appeal from order dated June 2, 1978 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated August 2, 1978 reversed insofar as appealed from, without costs or disbursements, and plaintiff's motion denied. In our opinion the papers submitted in support of the motion to amend the *ad damnum* clause were insufficient as a matter of law because of the failure to comply with the requisites of such a motion (see *Koi v P. S. & M. Catering Corp.,* 15 AD2d 775; *Battaglia v Elliot Dev. Corp.,* 34 AD2d 980).

Even if the motion papers were not insufficient as a matter of law, the granting of the motion was an improvident exercise of discretion since there is not an iota of competent medical evidence to support plaintiff's claim that the "comminuted fracture of the distal end of the right femur, with marked displacement of the fracture fragments, *result[ed]* in arteriosclerotic heart disease and myocardial infarction" (emphasis supplied). The only paper purporting to be competent medical evidence is the letter (not affidavit) of Dr. Andres Rodriguez, dated January 29, 1975. That letter, however, does not even mention or discuss this alleged causal relationship. Thus, there is no competent evidence on which to grant plaintiff's request that his claim for pain and suffering be increased. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.