■ MILTON HARRIS, Respondent, v PULLMAN'S BAR AND GRILL, INC., et al., Defendants, and HARRY KARP, Doing Business as PULLMAN'S BAR AND GRILL, INC., Appellant.—In a negligence action to recover damages for personal injuries, defendant, Harry Karp, appeals from an order of the Supreme Court, Kings County, dated June 18, 1979, which granted plaintiff's motion for leave to increase the *ad damnum* clause of his complaint to the extent of increasing said clause to $75,000. Order reversed, with $50 costs and disbursements, and motion denied. In April, 1961 plaintiff was allegedly injured as a result of an assault which occurred in appellant's bar doing business under the name of Pullman's Bar and Grill, Inc. Plaintiff commenced this action in March, 1962 seeking to recover damages for those injuries. The *ad damnum* clause sought a recovery of $25,000 on each cause of action. Issue was joined by answer dated June 13, 1962. Seventeen years later, by order to show cause dated June 13, 1979, and at a time when the action was scheduled to proceed to trial, plaintiff moved to increase the *ad*

*damnum* clause. In our view Trial Term erred in granting, in part, plaintiff's motion. The extraordinary and unexplained delay in making the application warrants its denial (see *Koi v P. S. & M. Catering Corp.*, 15 AD2d 775). Gulotta, Cohalan and Martuscello, JJ., concur.

Gibbons, J. P., dissents and votes to affirm the order, with the following memorandum: The question presented on this appeal concerns the propriety of granting plaintiff's motion to amend the *ad damnum* clause of his complaint *solely* for the purpose of correcting an undervaluation of the monetary demand, in an action, under the Dram Shop Act, to recover damages for personal injuries. This situation is distinguishable from a case where such motion is based upon a claim that an amendment is required because conditions have changed since the inception of the action by reason of more extensive injuries necessitating additional medical treatment, medical expenses and loss of earnings or because of any other eventualities which may have a substantive effect on the amount of damages which a jury could award. Where an amendment is sought because of a change of conditions, a duty is imposed upon the movant to apply promptly for such relief and to thereby afford the defendant an opportunity to become immediately apprised of the new matter in order to prepare his defense in relation thereto. In this connection, there is also cast upon the movant the added obligation to submit medical proof to establish the causal connection between the original claim of injury and the new conditions, as well as an affidavit of merit which is intended to demonstrate the *bona fides* of such claims and to impel the court to favorably exercise its discretion *(Koi v P. S. & M. Catering Corp.*, 15 AD2d 775; *Battaglia v Elliot Dev. Corp.*, 34 AD2d 980; *Prenderville v City of New York*, 67 AD2d 725). The instant case does not involve such a situation. Apart from the contention that the relief sought here was not made until the eve of the trial, 17 years after the action was commenced, there is neither a showing that the plaintiff delayed the trial nor that his motion seeking only to change the *ad damnum* clause resulted in prejudice to the defendant-appellant. The injuries sustained by the plaintiff consist of stab wounds inflicted by a knife into his chest, diaphragm, upper arm and left thigh which required surgical procedures as set forth in his bill of particulars, dated February 28, 1963, and his supplemental bill of particulars, dated November 29, 1976. Following a medical examination by a physician selected by the appellant, the physician, in his report dated November 15, 1976, set forth his diagnosis: "Multiple scars on the left arm, rib cage, thigh and abdomen and causally related to the above assault. They are permanent, disfiguring and causes the patient great anguish." These facts and the extent of plaintiff's alleged injuries and treatment were known to the appellant for a considerable length of time and no claim is now made by the plaintiff that the conditions affecting such injuries have changed. It is to be noted that in *Finn v Crystal Beach Tr. Co.* (55 AD2d 1001), the court, in granting similar relief as in the instant case, stated: "Here defendant was apprised of the nature of plaintiff's injuries upon the service of her initial bill of particulars and the subsequently served further bill of particulars." If plaintiff's allegations of his injuries, their treatment and permanency are believed by a jury, a verdict in excess of the original demand of $25,000 may be justified. Under the circumstances, a valid basis existed for the granting of plaintiff's motion to amend the undervaluation of the amount of damages originally demanded in the complaint. Delay alone without a showing of prejudice provides no basis for a claim of laches. In *Weiss v Mayflower Doughnut Corp.* (1 NY2d 310, 318), the Court of Appeals held: "Essentially, the defense of laches consists of an

unreasonable delay by a plaintiff to the prejudice of the defendant *(Marcus v. Village of Mamaroneck,* 283 N. Y., 325, 332). But mere delay, however long, without the necessary elements to create an equitable estoppel, does not preclude the granting of equitable relief *(Galway v. Metropolitan El. Ry. Co.,* 128 N. Y. 132, 153-154)." This court, in *Wagner v Huntington Hosp.* (65 AD2d 771, 772), held: "Special Term denied plaintiffs any increase in the *ad damnum* clauses because no new or aggravated injuries were asserted and because of a lapse of nearly five years from service of the complaint in the first lawsuit. Contrary to the conclusion of Special Term, plaintiffs were not required to allege recently discovered, new or aggravated injuries (see *Gold v Huntington Town House,* 64 AD2d 887). A re-evaluation of the damages was sufficient (see *Koupash v Grand Union Co.,* 34 AD2d 695). *There is no proof of actual prejudice to defendants resulting from the delay and, therefore, plaintiffs' demand for an increase in the ad damnum clause is not barred by laches* (see *Calautti v National Transp. Co.,* 10 AD2d 955)." (Emphasis supplied.) In *Finn v Crystal Beach Tr. Co.* (55 AD2d 1001, *supra)* the court held that: "Where knowledge is had by defendant of the nature of injuries sustained by plaintiff, delay alone in seeking amendatory *ad damnum* relief has been held not to constitute prejudice sufficient to warrant denial *(Yerdon v Baldwinsville Academy,* 39 AD2d 824; *Smith v University of Rochester Med. Center,* 32 AD2d 736)." *(Bird v Board of Educ. of North Colonie Cent. Schools,* 29 AD2d 812; *Soulier v Harrison,* 21 AD2d 725.) The amount of damages to be awarded is a determination which is made on the evidence at the conclusion of a trial. The *ad damnum* clause at the foot of a complaint is not an essential element in pleading the cause of action, nor does it necessarily represent a fair and reasonable amount to be allowed in a verdict. And although it may serve a jurisdictional purpose in the selection and establishment of the forum, where, as here, a change is sought *only* to correct an undervaluation, leave should be freely permitted. In *Mykulak v New York Journal Amer.* (44 AD2d 791) a motion to amend the *ad damnum* clause, based solely upon the service of a notice of intention to so move at the trial, was granted. The order under review should be affirmed.