■ JULIA LOOMIS, Respondent, v CIVETTA CORINNO CONSTRUCTION CORP., Appellant, et al., Defendants. KALIKOW CONSTRUCTION CORP. et al., Third-Party Plaintiffs, and DIC CONSTRUCTION CORP. et al., Third-Party Defendants. — Judgment and order (one paper), Supreme Court, New York County, entered April 24, 1980, awarding plaintiff damages in the sum of $26,118 after an assessment, unanimously modified, on the law, with costs and disbursements, to reduce said award to $15,000 and, except, as thus modified, affirmed. Having denied on the basis of surprise plaintiff's motion to amend the complaint to increase the *ad damnum* clause at the outset of this contested assessment of damages, the court, sitting without a jury, erred in awarding damages in excess of the *ad damnum* in its decision rendered two months after both sides rested. While CPLR 3025 (subd [b]) provides that a pleading may be amended "at any time" by leave of the court , which leave "shall be freely given", and although the grant or denial of a motion to amend is a matter of judicial discretion *(Murray v City of New York,* 43 NY2d 400), postverdict increases in the *ad damnum* clause are prohibited *(Piccinich v Grace Lines,* 62 AD2d 974). We do not consider the renewed application at the close of the evidence to have been granted or that the court in any way acted upon it by the remark, "All right, counselor. Is there anything further?" Defendant's attorney did not address himself to this request then relying no doubt, as he had during the hearing, on the court's earlier ruling on the same matter. Accordingly, we modify to reduce the award to the amount demanded in the complaint. Concur — Sullivan, J. P., Lupiano, Silverman and Carro, JJ.