■ LAWRENCE MILLUS, an Infant, by His Mother and Natural Guardian, ROSEMARY A. MILLUS, et al., Appellants, v RISE EMMER, Respondent.—In a negligence action to recover damages for personal injuries, etc., in which plaintiffs entered a judgment upon defendant's default in answering, plaintiffs appeal from so much of an order of the Supreme Court, Kings County, dated January 2, 1980, as, upon defendant's motion to vacate the default judgment, upheld the validity of the personal service of the summons and complaint upon the defendant, only "upon condition that" plaintiffs accept service of the answer theretofore interposed on behalf of the defendant and rejected by plaintiffs because they had already entered a default judgment. Order reversed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for a determination on the merits of

the traverse issue, and for a determination of the defendant's motion to vacate the default judgment granted to plaintiffs. On the traverse issue, Special Term lacked jurisdiction to impose the condition that plaintiffs accept service of the answer interposed on behalf of the defendant (see *Carrano v City of New York*, 34 AD2d 980). Furthermore, although the motion to vacate the default judgment was before it, Special Term failed to render a decision on that issue. Hopkins, J. P., Lazer, Cohalan and Weinstein, JJ., concur.