■ SERGIO GERMINARIO, Respondent, v SEATRAIN LINES, INC., Appellant. — Order of the Supreme Court, New York County, entered August 18, 1980 which granted plaintiff-respondent's motion to increase the *ad damnum* clause of the complaint from $10,000 to $2,000,000 and to remove the action from the Civil Court to the Supreme Court, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion denied, without costs and without disbursements. In this motion, made three years after commencement of the lawsuit, plaintiff seeks to increase his claim for damages by a factor of 200 times, i.e., from $10,000 to $2,000,000. Although such a motion is addressed to the discretion of the court and leave to amend should be freely given (CPLR 3025, subd [b]), there are certain requirements which must be met *(Koi v P.S. & M. Catering Corp.*, 15 AD2d 775). Among them is the necessity to make a factual showing that such increase is warranted. There should be "a physician's affidavit which demonstrates with some degree of specificity the nature of plaintiff's injuries, their prospective consequences, the resulting disabilities and the causal relationship between such disabilities and the original injury" *(Galarza v Alcoa S.S. Co.*, 34 AD2d 907). We find the affidavit of the physician submitted in support of the motion to be insufficient and speculative. His opinion that plaintiff will possibly be required to submit to surgery does not appear to be based upon X rays or other tests. This physician saw plaintiff on only one occasion, and then only in the role of a physician engaged to testify as an expert. We note the absence of any affidavit from a treating physician. In these circumstances, we find that it was improper for Special Term to have exercised its discretion in plaintiff's favor. Concur — Kupferman, J.P., Birns, Sullivan, Silverman and Bloom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE GONZALEZ, Appellant. — Judgment, Supreme Court, New York County, rendered on September 5, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sandler, J.P., Sullivan, Ross, Bloom and Fein, JJ.

■ AARON MORSE, Appellant, v SYDELL SINGER, Respondent. — Order, Supreme Court, New York County, entered on October 9, 1980, unanimously affirmed for the reasons stated by Cohen, J., at Special Term, without costs and without disbursements. Concur — Sandler, J.P., Sullivan, Ross, Bloom and Fein, JJ.

■ In the Matter of JOHN KUTTAS, For Reinstatement. — Motion granted only to the extent of directing a hearing as indicated in the order of this court. Concur — Sandler, J.P., Sullivan, Ross, Markewich and Lupiano, JJ.