■ In the Matter of ESPERANZA MIRANDA, Appellant, v CITY OF NEW YORK, Respondent. — Order, Supreme Court, New York County, entered January 11, 1980 which denied appellant's application for leave to serve and file an amended complaint and remove to the Supreme Court, New York County, an action now pending in the Civil Court, New York County, entitled Esperanza Miranda, Plaintiff v the City of New York, Defendant, unanimously reversed, in the exercise of discretion, without costs or disbursements, and the application granted subject to the payment of the appropriate fees to the Clerk of the Civil Court, New York County, and the Clerk of New York County, and with leave to defendant to conduct a further physical examination of plaintiff. Although this motion was made 18 months after the joinder of issue, we are of the view that amendment of the ad damnum clause from $10,000 to $250,000 and removal of the action from the Civil Court to the Supreme Court, New York County, should have been permitted. The accident occurred on October 31, 1977 when plaintiff allegedly slipped and fell on the sidewalk on Oliver Street, Manhattan, by reason of the protrusion of a metal pole above the surface of the sidewalk. The action was commenced on March 22, 1978 and the application for the relief sought was made in

August, 1979. In her moving papers and upon reargument, plaintiff demonstrated that she was permanently injured in that she "has sustained a permanent * * * deformity of the fourth and fifth fingers which causes abnormal positioning in the making of a fist, as well as a permanent flexion contracture of the pip joint of the fourth finger". Allegedly disabled from the date of the accident, October 31, 1977, to September 18, 1979, and unable to work at her assigned task with the Board of Education of the City of New York, plaintiff claims special damages exceeding $7,000, including alleged doctor's bills, hospital bills, and loss of earnings, in total almost up to the limit of Civil Court jurisdiction of $10,000. It is alleged that when counsel was retained to try the case, he promptly moved to increase the *ad damnum* clause and transfer the case to the Supreme Court because it had been underevaluated and improperly brought in the Civil Court, in view of the permanent deformity of the plaintiff's hand and the substantial special damages. It is plain that the extent of plaintiff's disability and consequent damages were underestimated. She should not be penalized for this undervaluation. No prejudice can be shown. The proposed bill of particulars served with the motion to reargue provides adequate notice of the injuries and damages claimed *(Thomas v United Parcel Serv. of N.Y.,* 63 AD2d 618; *Paige v Stevenson,* 61 AD2d 899). The case is not on the eve of trial. The increased *ad damnum* will work no prejudice. The damages claimed must be sustained during the trial process or disallowed *(Hrusko v Public Serv. Coordinated Transp. Corp.,* 40 AD2d 659; see *Mykulak v New York Journal Amer.,* 44 AD2d 791). Leave to amend pleadings shall be freely given. (CPLR 3025, subd [b]; *Murray v City of New York,* 43 NY2d 400.) Settle order granting petitioner's application and providing for transfer of the underlying action from the Civil Court of the City of New York, County of New York, to the Supreme Court, County of New York, upon payment of the appropriate fees, if any, to the Clerk of the Civil Court, New York County and the County Clerk of the County of New York. Settle order. Concur — Murphy, P.J., Sandler, Sullivan and Fein, JJ.