■ RICHARD S. RAVENAL, INC., Appellant, v JACK GROSS et al., Respondents. — Order of the Supreme Court, New York County (Whitman, J.), entered on July 30, 1981, which denied plaintiff's motion for leave to serve a second amended complaint, unanimously modified, on the law and facts, to the extent of permitting plaintiff to serve a second amended complaint with the addition of a third cause of action for restitution, a fourth cause of action for intentional infliction of economic harm, fifth and sixth causes of action for fraud and a seventh cause of action for conversion, permitting the plaintiff to increase the *ad damnum* clause and add a demand for punitive damages, and, in all other respects, affirmed, without costs. Pursuant to CPLR 3025 (subd [b]) "[a] party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. *Leave shall be freely given* upon such terms as may be just" (emphasis added). Plaintiff served a complaint in 1977 containing a contract claim alleging that art works were delivered to defendants and were

not paid for nor returned. In 1980, plaintiff served, by leave of the court, an amended complaint which added a cause of action in replevin. After an inspection and appraisal of the art objects in the defendants' home, the plaintiff moved to serve a second amended complaint adding supplemental and additional causes of action. This was denied by Special Term. The facts constituting the fraud causes of action were unknown to the plaintiff until the inspection and appraisal of the art works on March 24, 1981 and plaintiff moved to amend the complaint, in a timely fashion, on June 3, 1981. The cause of action for restitution simply sets forth an additional theory of recovery based upon the same facts. It would create no undue surprise or prejudice. (See *Cooper v Met Merchandising,* 75 AD2d 519.) The proposed causes of action for conversion and intentional infliction of economic harm are rooted in plaintiff's discovery of the alleged fraud by defendants. They are, therefore, based on facts not known to plaintiff at the time of the original pleadings. CPLR 214 (subd 3) sets up a three-year limitation on the commencement of conversion actions. The applicable Statute of Limitations for intentional infliction of harm is also conceded by plaintiff to be three years under the circumstances herein. However, the times when both of these causes of action accrued have not yet been learned by plaintiff and such knowledge must await disclosure. In addition, the issue has been raised as to whether defendants would be barred by the doctrine of equitable estoppel from asserting the Statute of Limitations as a defense, even if such defense was found to be otherwise viable after completion of disclosure. Determination of this issue would be premature upon the facts as they are known at the present time. Plaintiff's request to increase the *ad damnum* from $111,400 to approximately $250,000 reflects the increase in the market value of the art objects which are the subject of this controversy. No prejudice has been shown by defendant and a motion to increase the *ad damnum* should generally be granted in the absence of such prejudice. (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18.) The alleged newly discovered evidence of a possible fraud warrants the addition of a demand for punitive damages. If such fraud is established, it would constitute willful and deliberate conduct on the part of defendants. This may support an award for punitive damages. Plaintiff's proposed second amended complaint contains an eighth cause of action seeking exemplary damages. Punitive damages, however, are "but an incident of damages", and cannot be the basis for a separate cause (*Isaacs v Interboro Mut. Ind. Ins. Co.,* 73 AD2d 850). The request for punitive damages should, therefore, be included in plaintiff's prayer for relief, in the second amended complaint. Concur — Kupferman, J. P., Sandler, Carro, Asch and Markewich, JJ.