■ MARY BRENNAN, Appellant, v CITY OF NEW YORK, Respondent. — Order, Supreme Court, Bronx County (Alfred J. Callahan, J.), entered October 28, 1982, denying the plaintiff's motion for leave to increase the *ad damnum* clause of the complaint and for a transfer of the action from Civil Court to Supreme Court, affirmed, without prejudice to a new application on submission of proper papers, including an affidavit of merits and a physician's affidavit, without costs or disbursements. Upon review of the record, we find the moving papers palpably insufficient to sustain the requested increase of the *ad damnum* clause from $25,000 to $250,000 and for a transfer of the action to Supreme Court from the Civil Court, to which the case had previously been transferred pursuant to CPLR 325 (subd [d]). Two prior applications for the same relief were denied, with leave to renew upon correcting the deficiency in plaintiff's submission; the first was improperly brought in the Civil Court, the second was not supported by a recent physical examination of the infant plaintiff. We find the papers submitted on renewal of that motion likewise deficient. Upon such an application, an affidavit of merits is necessary (*Koi v P. S. & M. Catering Corp.*, 15 AD2d 775; *Ferrari v Paramount Plumbing & Heating Co.*, 20 AD2d 878). The motion should also be supported by a

physician's affidavit pertaining to a recent physical examination of the plaintiff, specifying the change or deterioration of plaintiff's condition, the injuries which had not been considered previously or the extent to which plaintiff's condition has been aggravated and containing an opinion as to their prospective consequences and prognosis, the resulting disability in terms of permanency and the causal relationship with the original injury and accident (see *Germinario v Seatrain Lines,* 81 AD2d 540; *Goldfarb v 65 East 11th St. Corp.,* 40 AD2d 657). The unsworn letter from plaintiff's doctor, offered by plaintiff in support of the renewal application, was insufficient for that purpose. Contrary to the claim by appellant, there is nothing in the prior order, denying her second motion for leave to amend, authorizing the submission of a medical report in lieu of a physician's affidavit. We disagree with the view of our dissenting colleagues who would excuse plaintiff's failure to adhere to established procedure upon such application. Leave to amend may not be granted upon mere request, without appropriate substantiation. There must be compliance with the required procedure to permit the court to pass upon the merits of the leave for amendment (*East Asiatic Co. v Corash,* 34 AD2d 432). Nevertheless, under the circumstances and consistent with the policy of liberal amendments, we are in agreement that plaintiff should be afforded a further opportunity to renew the application, supported by an affidavit of merits and a physician's affidavit setting forth the requisite information. In addition, since plaintiff claims an undervaluation of the original *ad damnum*, sufficient factual and medical support should be furnished to afford the court an opportunity to render an informed determination that the original amount demanded is now insufficient and that a re-evaluation is necessary. While *Loomis v Civetta Corinno Constr. Corp.* (54 NY2d 18) has facilitated amendments to the *ad damnum* clause of a complaint, where there is no resulting prejudice to the defendant the established procedure to be followed is unaltered and the same submissions are required upon such application. *Miranda v City of New York* (81 AD2d 792), relied upon by the dissent, does not require reversal here since, in that case, the motion was appropriately supported by an affidavit of merits and a physician's affidavit. Concur — Ross, J. P., Carro and Kassal, JJ.

Asch and Milonas, JJ., dissent in a memorandum by Milonas, J., as follows: The instant action concerns a claim for damages arising out of personal injuries allegedly sustained by the infant plaintiff on October 14, 1978 when, while playing with her two young sisters, she slipped and struck her head on a cement bench, necessitating her hospitalization for six or seven days. It is plaintiff's condition that defendant City of New York was negligent in the construction and maintenance of the playground area in question, located at Hutchinson River Parkway and Wilkinson Avenue in The Bronx. On or about January 4, 1980, plaintiff served a notice of claim and amended certified complaint, reciting the circumstances surrounding plaintiff's injuries and seeking $25,000 in the *ad damnum* clause. According to the complaint, plaintiff "suffered great injuries to and about her head and internal ear and has suffered great pain and agony and verily believes that she will continue to suffer for a long time to come and permanently." Her verified bill of particulars, dated March 28, 1980, explained that she had "suffered severe injuries to the left side of her face and left ear with perforation of the eardrum", causing her to be "unconscious, suffer headaches, cerebral concussion, and contusion of the face." Plaintiff was thereafter examined by Dr. Donald R. Weisman, who, in a report dated October 29, 1981, described her condition as involving status post head injury with loss of consciousness, status posttraumatic perforation of the left eardrum, healed perforation of the eardrum and an intolerance to loud noise. The prognosis was that the changes in the left tympanic membrane and

hypersensitivity to loud noises were permanent, and, in addition, there was a strong possibility that the scar tissue in the affected area would rupture during an upper respiratory infection or acute otitis. As a result of Dr. Weisman's diagnosis, plaintiff moved in the Civil Court, Bronx County, where the case had been transferred pursuant to CPLR 325 (subd [d]), for an order granting leave to increase her *ad damnum* demand to $250,000. Upon denial of that motion with leave to renew in the Supreme Court, plaintiff requested the same relief in the Supreme Court, Bronx County. In an order dated May 20, 1982, Special Term denied the motion "without prejudice to renew upon proper papers which shall include a recent physical examination of the infant plaintiff by a physician specializing in physical disabilities of the type alleged." Plaintiff then submitted a third motion to amend, which contained a further report by Dr. Weisman, dated July 19, 1982, and was based upon a re-examination of the plaintiff, diagnosing a mild conductive hearing impairment to the left ear, thin scar in the left eardrum and intolerance to loud noises. The prognosis was that her condition was permanent, and it was anticipated that the child would have recurrent ear infections until she reached adult life, at which time the prognosis as to that situation would remain guarded. Special Term, in an order dated October 13, 1983, denied plaintiff's motion to increase the *ad damnum* clause and to remove the case from Civil Court to Supreme Court on the ground that the physician's letter "fails to indicate any new injuries which have recently come to light, or any new injuries which were not considered by the Court with respect to the 325(d) transfer." On appeal, plaintiff argues that the decision by Special Term constituted an abuse of discretion since it is clear from her doctor's report, rendered subsequent to the filing of her complaint and bill of particulars, that she has sustained serious and permanent injuries in an amount in excess of the original demand. In my opinion, the order being appealed herein should be reversed. CPLR 3025 (subd [b]) provides that leave to amend a pleading "shall be freely given upon such terms as may be just". The Court of Appeals, in *Loomis v Civetta Corinno Constr. Corp.* (54 NY2d 18, 23), has held that "in the absence of prejudice to the defendant, a motion to amend the *ad damnum* clause, whether made before or after the trial, should generally be granted." Prejudice, the court stated (p 23), does not attach merely by exposing the defendant to greater liability but requires some showing that "the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position". This department has also followed the rule supporting the exercise of judicial discretion favoring ready permission to increase the *ad damnum* demand where there is no prejudice to defendant. (*Ravenal v Gross,* 90 AD2d 760; *Matter of Miranda v City of New York,* 81 AD2d 792.) Although this court has determined in *Germinario v Seatrain Lines* (81 AD2d 540) that there are certain requirements which must be met in granting leave to amend, among them the necessity to demonstrate that the increase is necessary, plaintiff has more than satisfied her burden. Following the service of the complaint and bill of particulars, plaintiff underwent further medical examinations wherein it was revealed that her injuries were more severe than was at first believed. In connection with her requests for leave to amend, she provided two reports from her doctor updating the original diagnosis. In my opinion, requiring an affidavit from a physician, as opposed to a medical report prepared by a physician, is unnecessary, overly burdensome and contrary to the custom and usage of modern practice. It is also violative of the spirit of freely allowing leave to amend. Defendant having failed to show any prejudice which it would suffer from the proposed amendment, Special Term should, therefore, have granted plaintiff's motion.