(January 22, 1987)

■ FRANK YANDOLINO et al., Appellants, v ALPHA TAXI CORP. et al., Respondents.—Order of the Supreme Court, Bronx County (Jack Turrret, J.), entered on May 29, 1986, which denied plaintiffs' motion to have the matter restored to the Trial Calendar, to have the case transferred from the Civil Court to the Supreme Court, to amend the complaint to increase the ad damnum clause to $500,000 and to have the complaint as amended deemed served, is reversed on the law and the motion granted, with costs and disbursements.

This is an action seeking damages for personal injuries sustained by plaintiff-appellant Frank Yandolino when the taxicab in which he was a passenger was involved in a collision with another taxicab. Following the accident, which occurred on July 23, 1983, plaintiff was removed by ambulance to Bellevue Hospital where he received emergency treatment for neck pain and assorted lacerations. Thereafter, plaintiff consulted a private physician, Dr. Arthur Friedman, who diagnosed his condition as cerebral concussion; postconcussion syndrome; acute muscular and ligamentous sprain and derangement of the cervical, upper dorsal, lumbar and lumbosacral regions of the spine with secondary development of a cervical radiculitis and occipital neuralgia and secondary development of a traumatic myositis of the paravertebral, scapular and trapezius musculature; contusion of the left rib case and sternum with traumatic intercostal myositis; traumatic tendonitis of the right shoulder girdle; and facial lacerations. At the recommendation of his doctor, plaintiff also underwent weekly physical therapy.

Subsequently, plaintiff and his wife, Georgette Yandolino, commenced suit against the drivers and owners of both vehi-

cles. Plaintiff demanded compensatory damages of $100,000 and his wife sought $10,000 for loss of services. Issue was joined on December 5, 1983, and plaintiffs served a bill of particulars on June 13, 1984. Although the case was then noticed for trial, it was later transferred to the Civil Court, Bronx County, pursuant to CPLR 325 (d).

In November of 1984, plaintiff allegedly experienced severe pain in his lower back and legs which he claims made it difficult for him to get out of bed. He consequently visited another physician, Dr. Ray Kulick, who referred him to the New York Neurological Association and the New York Medical Imaging Clinic for various testing. Based upon his own examination and the results of the tests, Dr. Kulick concluded that plaintiff was suffering from a herniated nucleus disc pulposes; a right-sided disc prolapse at L4-5; marked straightening of the normal lumbar lordosis; and contusion or entrapment of the lateral cutaneous nerve of the left thigh. The prognosis was described as including permanent lower back pain, occasional radiating pain to the right anterior thigh and decreased mobility in the lumbar region of the spine. In the opinion of Dr. Kulick, plaintiff's condition was due to the accident in question.

On May 8, 1985, plaintiffs served defendants with an amended bill of particulars asserting additional injuries and medical expenses, which defendants rejected. Plaintiffs thereupon moved in the Supreme Court to amend their complaint to increase the ad damnum clause to $500,000, to amend their bill of particulars and to have the case transferred from the Civil Court to the Supreme Court. The motion was denied with leave to renew upon submission of an appropriate physician's statement. A second motion was also denied with leave to renew for the same reason. Plaintiffs brought a third such motion, which did contain an affidavit from Dr. Kulick, but this time the denial was based upon the plaintiffs' failure to request among their relief a transfer of the motion from the Civil Court to the Supreme Court. Plaintiffs thereafter submitted another motion, which, in an order entered on May 29, 1986, was denied because the "attached physician's report does not satisfactorily establish plaintiff is entitled to such relief."

However, an examination of plaintiffs' moving papers reveals that they have met the requirements necessary to obtain the requested relief. (Brennan v City of New York, 99 AD2d 445.) The motion is supported by an affidavit of merits, as well as by a detailed physician's affidavit setting forth new injuries

or injuries which had not previously been discovered and based upon a recent physical examination of plaintiff. The physician's affidavit also contains an opinion as to the prospective consequences and prognosis of the injuries and states that the resulting disability was caused by the automobile accident of July 23, 1983. Indeed, plaintiffs' third motion for leave to amend, which was accompanied by Dr. Kulick's affidavit, was not denied because of the insufficiency of the doctor's affidavit but on another ground. Thus, the court impliedly accepted the adequacy of the affidavit for purposes of the application. Yet, the same affidavit was inexplicably found unsatisfactory by another court. In view of the policy that leave to amend should be freely given where appropriate (CPLR 3025 [b]; *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18), and in the absence of prejudice to defendants, plaintiffs' motion should have been granted. Concur—Murphy, P. J., Sandler, Carro, Milonas and Wallach, JJ.