(July 2, 1987)

■ DORIS BRIGGS, as Parent and Natural Guardian of FRANCIS A. BRIGGS, an Infant, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered December 15, 1986, which granted the motion by plaintiff Doris Briggs, as the parent and natural guardian of Francis Alexander Briggs, an infant under the age of 14 years, pursuant to CPLR 3025 (b) for leave to amend the complaint by increasing the ad damnum clause from $1,500,000 to $5,000,000, is reversed, on the law and facts, and the motion denied, without costs.

Pursuant to CPLR 3025 (b), leave to amend is freely given in the absence of prejudice. However, there are certain requirements which must be met as a prerequisite to granting such leave. Among these requirements are a plaintiff's affidavit of merits containing, *inter alia,* the reasons for the delay and the facts which warrant the increase *(Koi v P. S. & M. Catering Corp.,* 15 AD2d 775) and a physician's affidavit demonstrating the nature of the injuries and resulting disabilities and the causal relationship between these disabilities and the original injury *(Germinario v Seatrain Lines,* 81 AD2d 540).

Since plaintiff submitted neither an affidavit of merits nor an affidavit of a physician in support of her motion, containing "sufficient factual and medical support * * * to afford the court an opportunity to render an informed determination that the original amount demanded is now insufficient and that a re-evaluation is necessary" *(Brennan v City of New York,* 99 AD2d 445, 446), the Supreme Court erred in granting her motion to amend the complaint. Concur—Murphy, P. J., Sullivan, Asch, Rosenberger and Wallach, JJ.