| |
|---|
| **Tinsley v New York City Hous. Auth.** |
| 2025 NY Slip Op 31065(U) |
| April 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157234/2023 |
| Judge: Phaedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PHAEDRA F. PERRY-BOND**          PART                        35
                           *Justice*

-----------------------------------------------------------------------X

TERRY TINSLEY

                            Plaintiff,

                    - v -

NEW YORK CITY HOUSING AUTHORITY,

                       Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157234/2023 |
| MOTION DATE | 01/23/2025 |
| MOTION SEQ. NO. | 001 |

**AMENDED DECISION + ORDER
ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion to/for          AMEND CAPTION/PLEADINGS          .

      Plaintiff, Terry Tinsely (Plaintiff) moves to amend the summons and complaint pursuant to CPLR 3025, to change the date of his accident from April 22, 2022, to February 20, 2022, and upon granting the amendment, deeming the amended Summons and complaint served *nunc pro tunc*. In the alternative, allowing the Plaintiff to serve the amended summons and complaint and conforming all prior pleadings to the new amended Complaint.

      Defendant, New York City Housing Authority (NYCHA or Defendant) cross-moves for an order dismissing the complaint pursuant to General Municipal Law § 50-i(1)(a) and 50-e(1)(a) and Public Housing Law § 157(2); and in opposition to the Plaintiff's motion for leave to amend the summons and complaint pursuant to CPLR 3025, to deem the amended summons and complaint timely served *nunc pro tunc* or in the alternative, to extend the Plaintiff's time to serve the amended summons and complaint.

**157234/2023   TINSLEY, TERRY vs. NEW YORK CITY HOUSING AUTHORITY**          Page 1 of 6
**Motion No.  001**

1 of 6

## BACKGROUND

The entitled action is for personal injuries. By notice of claim dated June 2, 2022, and served upon NYCHA around June 8, 2022, Plaintiff alleges that on April 22, 2022, at approximately 12:00 pm, he was coming out of the bathroom in his apartment located at 1695 Madison Avenue, in New York County, where he tripped and fell due to hazardous flooring, suffering injuries.

Plaintiff was originally represented by the law firm of Harmon, Linder & Rogowsky until February 25, 2023, when Turpin & Snider, LLC took over the case. In her attorney affirmation, Ms. Snider states that the file was requested and received on March 30, 2023, from the outgoing attorney (NYSCEF Doc. 7, ¶6).

On May 2, 2023, the Plaintiff appeared for the 50-H hearing and on July 19, 2023, Plaintiff filed the summons and compliant alleging the incident occurred on April 24, 2022. On February 19, 2024, the Plaintiff filed the instant motion for leave to amend the notice of claim to change the date of the accident to February 20, 2022.

## DISCUSSION

In the motion papers, Plaintiff argues that a motion to amend a pleading should be freely given absent a showing by the opposing party of surprise or prejudice and that the mistake was not intentional. In the attorney affirmation, Ms. Snider states that she received the medical records from City Med on August 17, 2023, and that it became evident that the injury did not occur on April 22, 2022, but instead had occurred on February 20, 2022 (NYSCEF Doc.7, ¶7). She stated that once she discovered this, she contacted the Plaintiff by telephone on October 18,

**157234/2023 TINSLEY, TERRY vs. NEW YORK CITY HOUSING AUTHORITY** **Page 2 of 6**
Motion No. 001

[* 2]

2 of 6

2023, and he realized his mistake. Plaintiff argues that it was not intentional, and that Defendant cannot show any prejudice to the amendment.

The Defendant cross-moves for a dismissal arguing that Plaintiff's failure to timely serve a Notice of Claim, or to seek leave to serve a Late Notice of claim within the one year and 90-day statute of limitations, requires dismissal of the action. They argue that the Plaintiff had 90 days from February 20, 2022, or until Monday, May 23, 2022, to serve a timely notice of claim upon NYCHA, which he failed to do. Defendant argues that Plaintiff's notice of claim dated June 2, 2022, was not served until June 8, 2022, 108 days after the incident is said to have occurred, nullifying the notice of claim. Further, Defendant argues that the action is untimely, because Plaintiff did not seek the Court's permission to serve a late notice of claim upon NYCHA, within the one year and 90-day statute of limitations. Specifically, Defendant argues that Plaintiff had until May 22, 2023, to commence the action that occurred February 20, 2022, however, this action was not commenced until July 19, 2023, two months past the statute of limitations, which divests the Court of discretion to grant now.

## LEGAL ANAYLSIS

General Municipal Law §50-e, Public Housing Law §157 require that a plaintiff file a notice of claim within 90 days of the accrual of the claim. Pursuant to General Municipal Law §50-e(1)(a), the filing of a notice of claim is a condition precedent without the satisfaction of which an action against a municipal entity is barred. The notice of claim must include the time, place, and how the claim arose (*O'Brien v. City of Syracuse*, 54 NY2d 353, 358 [1981]). The purpose of a notice of claim is to provide the city defendant with sufficient information to investigate the claim with prompt effort and to determine its exposure to liability (*Brown v. City*

**157234/2023   TINSLEY, TERRY vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

**Page 3 of 6**

3 of 6

[* 3]

*of New York,* 95 NY2d 389, 394 [2000] ["A Notice of Claim serves an important public purpose, enabling authorities to promptly investigate the site of an alleged accident and assess municipal exposure to liability."]

In considering whether to grant an application for leave to file a late notice of claim under General Municipal Law § 50-e (5), courts are required to consider whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter," and "all other relevant facts and circumstances," including "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits," the length of the delay, and whether there was a reasonable excuse for the delay *(Matter of Townson v New York City Health & Hosps. Corp.,* 158 AD3d 401, [1st Dept 2018]).

Motions to amend pleadings are to be liberally granted (CPLR 3025 [b]), absent prejudice or surprise, but such leave should "not be granted upon mere request, without appropriate substantiation" (*Brennan v City of New York*, 99 AD2d 445, 446, [1st Dept. 1984]). In this case, the moving papers consists of a nine-page attorney's affirmation, without an affidavit of a person having personal knowledge, or any other evidence of a viable defense, and thus lacked probative value.

It is also worth noting that in her attorney affirmation, Ms. Snider stated:

*"your affirmant, based on the previous firms' intake and notice of claim as well as Plaintiff's 50-H transcript (all done by previous attorney law firm Harmon, Linder & Rogowsky) believed we filed the Summons and complaint timely on July 19, 2023 , based on the provided date of April 22, 2022."* (NYSCEF Doc. 7, ¶ 6)

**157234/2023   TINSLEY, TERRY vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

Page 4 of 6

[* 4]

4 of 6

However, a review of 50-H transcript clearly shows that Ms. Turpin, Plaintiff's current counsel, represented him on May 2, 2023, at the 50-H hearing (NYSCEF Doc. 10). At that 50-H hearing, the Plaintiff confirmed that the accident occurred on April 24, 2022 (NYSCEF Doc. 10, pp 22-23). Indeed, the Plaintiff was asked directly if he was 100 percent certain it was April 24th, to which he replied, *"I remember it's 100 percent, April 24."* (Id., pp23, line 18-23). As Plaintiff was in the best position to know when the accident occurred it is unclear why he didn't know the date of the accident or why it took nearly two years and a new attorney, to provide the correct date. It is also perplexing why there is no statement from the Plaintiff explaining the confusion with the accident date, especially since Plaintiff was in the best position to know when the accident occurred.

Moreover, the Court does not have the authority to grant an application for leave to serve a late notice of claim when the application is made beyond the applicable one year and 90-day statute of limitations, (*McGarty v. City of New York*, 14 Misc. 3d 1214(A) [Sup Ct. NY County 2007]. With the expiration of the statute of limitations, the Court is deprived of jurisdiction to grant an extension of time to file a late notice of claim (*Pierson v. New York*, 56 NY2d 950 [1982]; *Islam v. City of New York*, 111 AD3d 493[1st Dept, 2013]).

## CONCLUSION

Here, the Court finds that Plaintiff is not entitled to amend the complaint to change the date of the alleged accident as the application was made beyond the applicable one year and 90-day statute of limitations. Plaintiff, already sworn under oath, to the April 24, 2022, injury date, two and a half years ago, has failed to provide any explanation for the gap in correcting the injury as well as the lack of an affidavit from a person having personal knowledge (*Guzman v*

**157234/2023 TINSLEY, TERRY vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No. 001**

Page 5 of 6

5 of 6

*Mike's Pipe Yard*, 35 AD3d 266, [1st Dept. 2006]; *Jaffa v Afrodiam, Ltd.*, 93 AD3d 758, 759, [2nd Dept. 2012]; *S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 342 [1974]). As such, the Court is hard pressed and without any basis to find merit in the proposed amendment seeking to amend the summons and complaint, to change the date of the accident from April 22, 2022, to February 20, 2022. Therefore, Plaintiff's motion to amend the summons and complaint pursuant to CPLR 3025 is denied, and Defendants cross-motion to dismiss Plaintiffs motion pursuant to General Municipal Law § 50-i(1)(a) and 50-e(1)(a) and Public Housing Law § 157(2) is granted.

Enter: 4/2/25

_____

**HON. PHAEDRA F. PERRY-BOND**
**J.S.C.**

**157234/2023   TINSLEY, TERRY vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No. 001**

Page 6 of 6

6 of 6

[* 6]